1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  SHANNON E. DUDIC (State Bar No. 261135)
   GEOFFREY L. WARNER (State Bar No. 305647)
3  2029 Century Park East
   Los Angeles, CA 90067-3086
4  Telephone:  310.556.5800
   Facsimile:   310.556.5959
5  Email:      lacalendar@stroock.com

6  Attorneys for Defendants
     HSBC CARD SERVICES INC. and HSBC TECHNOLOGY &
7    SERVICES (USA) INC.

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN JOSE DIVISION**

11

12  NICKLAUS LAL, an individual            )   Case No. 3:16-6674
                                           )
13              Plaintiff,                  )   **NOTICE OF REMOVAL OF**
                                           )   **DEFENDANTS HSBC CARD SERVICES**
13        vs.                              )   **INC. AND HSBC TECHNOLOGY &**
                                           )   **SERVICES (USA) INC.**
14                                         )
    CAPITAL ONE FINANCIAL                  )
15  CORPORATION, a corporation and as      )
    successor-in-interest and assignee of HSBC )   *[REMOVED FROM:*
16  Card & Retail Services Inc. a/k/a HSBC Card )   *MONTEREY SUPERIOR COURT*
    Services Inc., a Delaware Corporation; HSBC )   *CASE NO. 16CV002985]*
17  CARD SERVICES INC., an entity of unknown )
    form; HSBC TECHNOLOGY & SERVICES )
18  (USA) INC., a Delaware Corporation; DOES 1 )
    through 25, inclusive,                 )
19                                         )
                                           )
20              Defendants.                 )
                                           )
21  _____ )

22

23

24

25

26

27

28

_____

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants HSBC Card Services Inc. ("Card Services") and HSBC Technology & Services (USA) Inc. ("Tech Services," and together with Card Services, "HSBC") hereby remove the action entitled Nicklaus Lal v. Capital One Financial Corporation, et al., Monterey County Superior Court, State of California, Case No. 16-CV-002985 (the "Action"), to the United States District Court for the Northern District of California, on the following grounds:

1.     Removal is Timely.  On October 19, 2016, Plaintiff Nicklaus Lal ("Plaintiff") provided HSBC with Notices and Acknowledgements of Receipt of the Summons and Complaint ("Notices and Acknowledgments").  On November 4, 2016, HSBC timely provided Plaintiff with executed Notices and Acknowledgements, affecting service of the Complaint.  This Notice of Removal has been filed within thirty days of service of the Complaint on HSBC and is therefore timely under 28 U.S.C. § 1446(b).  True and correct copies of the Complaint, Summons and executed Notices and Acknowledgements in the Action are attached hereto as Exhibit A.

2.     Diversity Jurisdiction.  This Court has original jurisdiction over the Action under 28 U.S.C. § 1332(a) and the Action is removable to this Court by HSBC pursuant to 28 U.S.C. § 1441(b).  The Action is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. 1332(a) ("[D]istrict courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of different States . . .").

a.     Diversity of Citizenship Exists.  A corporation is deemed to be a citizen of the state where it is incorporated and where it has its "principal place of business."  28 U.S.C. § 1332(c)(1).  Here, Plaintiff asserts that he is a resident of Monterey, California.  (Compl. ¶ 7.) Card Services' is incorporated in Delaware with its principal place of business is in Illinois.  (See id. ¶ 9.)  Tech Services is also a Delaware corporation with its principal place of business in Illinois.  (Id. ¶ 10.)  Defendant Capital One Financial Corporation ("Capital One," and collectively with HSBC, "Defendants") is a Delaware corporation with its principal place of business in

- 1 -

NOTICE OF REMOVAL OF ACTION BY HSBC

Mclean, Virginia.  (Id. ¶ 8.)  As indicated in the accompanying Notice of Consent to Removal, Capital One contends that Plaintiff erroneously sued Capital One Financial Corporation, and that Capital One, N.A. is the appropriate entity.  As a national banking association, Capital One, N.A. is not a state-incorporated business, and its citizenship is governed pursuant to 28 U.S.C. § 1348, not 28 U.S.C. § 1332.  A national bank does not have a state of incorporation because it is organized under federal law pursuant to the National Banking Act.  As a result of this unique organizational structure, Congress enacted a separate jurisdictional statute that addresses the citizenship of national banks.  Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all . . . actions by or against them, be deemed citizens of the States in which they are respectively located."  The Supreme Court has ruled that, for purposes of federal diversity jurisdiction, a nationally chartered bank is only a citizen of the state in which its main office is located. *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 307 (2006).  Here, Capital One, N.A.'s headquarters are located in McLean, Virginia.  As such, Capital One, N.A. is citizen of Virginia.  Accordingly, diversity of citizenship exists between Plaintiff and Defendants.

        b.    <u>The Amount in Controversy is Satisfied</u>.  Additionally, by the allegations of the Complaint, the matter in controversy exceeds the $75,000 threshold.  <u>See</u> 28 U.S.C. 1446(c)(2); <u>Crum v. Circus Circus Enterprises</u>, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings.").  Where, as here, the "complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount."  <u>Lewis v. Verizon Commc'ns., Inc.</u>, 627 F.3d 395, 397 (9th Cir. 2010).

        i.    Based on Plaintiff's allegations, the amount in controversy here includes, among other things, statutory damages in the amount of $5,000 for each alleged violation of California Penal Code sections 632 and 632.7 ("Sections 632 & 632.7").  (Compl. ¶¶ 36-46.) Plaintiff alleges that more than 300 of his personal telephone communications were recorded, monitored and/or eavesdropped upon by Defendants purportedly in violation of Sections 632 & 632.7.  (Id. ¶¶ 31-32.)  Although HSBC denies any liability to Plaintiff and expressly reserves its

- 2 -

right to challenge any request for damages or computations thereof, Plaintiff's request for damages nevertheless controls the amount in controversy. See Crum, 231 F.3d at 1131. Accordingly, because the Complaint requests statutory damages in the amount of $5,000 for each of the alleged 300 violations, the amount in controversy is over $1,500,000 and therefore satisfies the $75,000 threshold.[1]

        ii.    In addition to monetary relief, Plaintiff seeks injunctive relief. (Compl., Prayer for Relief, p. 18.) Such relief may properly be considered in determining the amount in controversy. See Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (citations omitted). Plaintiff also seeks attorneys' fees, which may be included in the amount in controversy calculation. See Galt v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Combined with the total amount of purported statutory damages of $1,500,000 and other relief sought, the amount in controversy well exceeds $75,000.

    3.    <u>Venue is Proper In This Court.</u>  This is the proper Court for removal because the Monterey County Superior Court is located within the United States District Court for the Northern District of California, San Jose Division. See 28 U.S.C. § 1441(a).

    4.    <u>All Other Defendants Consent To Removal.</u>  All other defendants in this action consent to removal. The Notice of Consent to Removal executed by Capital One is attached hereto as Exhibit B. Accordingly, this action is properly removed pursuant to 28 U.S.C. § 1446(a) & (b).

///
///
///
///
///

---

[1] HSBC disputes that Plaintiff is entitled to $5,000 for each call recording purportedly in violation of Sections 632 & 632.7, and reserves its right to challenge Plaintiff's statutory damage computations. Furman v. Station Casinos LLC, Case No. 56-2013-00446134-CU-BT-VTA (March 11, 2014) (holding that Section 637.2 allows for statutory damages of $5,000 <u>per action</u> for each plaintiff, <u>not per violation</u>).

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 3 -

LA 52014568

5.    <u>Notice to Adverse Parties and State Court.</u>  Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be served on Plaintiff, the only adverse party, simultaneously with this filing.  Additionally, a duplicate copy of this Notice of Removal, without exhibits, will be filed with the Monterey County Superior Court Clerk.

Dated:  November 17, 2016                    STROOCK & STROOCK & LAVAN LLP
                                            JULIA B. STRICKLAND
                                            SHANNON E. DUDIC
                                            GEOFFREY L. WARNER

                                            By:    */s/ Shannon E. Dudic*
                                            _____
                                                   Shannon E. Dudic

                                            Attorneys for Defendants
                                                   HSBC CARD SERVICES INC. and HSBC
                                                   TECHNOLOGY & SERVICES (USA) INC.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CAPITAL ONE FINANCIAL CORPORATION, a corporation
"Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NICKLAUS LAL

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 9/26/2016 3:45:45 PM
By: Carmen Orozco, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of the State of California,<br><br>County of Monterey<br>1200 Aguajito Road, Monterey, CA 93940 | **CASE NUMBER:**<br>*(Número del Caso):* 16CV002985 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Deborah L. Raymond, 445 Marine View Ave., #120, Del Mar, CA 92014; Tel#:858-481-9559

| DATE: 9/26/2016 | TERESA A. RISI | Clerk, by /s/ Carmen Orozco | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

EXHIBIT *A* PAGE *5*



SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lal v. Capital One Financial Corporation et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

and as successor-in-interest and assignee of HSBC Card & Retail Services Inc. a/k/a HSBC Card Services Inc., a Delaware Corporation; HSBC CARD SERVICES INC., an entity of unknown form; HSBC TECHNOLOGY & SERVICES (USA) INC., a Delaware Corporation; Does 1 through 25, inclusive,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT *A* PAGE *6*

1  Deborah L. Raymond, SBN 173528
2  LAW OFFICES OF DEBORAH L. RAYMOND
3  445 Marine View Avenue, Suite 120
   Del Mar, CA 92014
4  Tel: (858) 481-9559
   Email: draymondlaw@gmail.com
5  Attorney For Plaintiff

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 9/26/2016 3:45:45 PM
By: Carmen Orozco, Deputy

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                         COUNTY OF MONTEREY

10

11     NICKLAUS LAL, an individual,

12             Plaintiff,

13     vs.

14     CAPITAL ONE FINANCIAL
15     CORPORATION, a corporation and as
16     successor-in-interest and assignee of HSBC
17     Card & Retail Services Inc. a/k/a HSBC
       Card Services Inc., a Delaware Corporation;
18     HSBC CARD SERVICES INC., an entity of
19     unknown form; HSBC TECHNOLOGY &
       SERVICES (USA) INC., a Delaware
20     Corporation; Does 1 through 25, inclusive,

21             Defendants.

CASE NO.  16CV002985
UN LIMITED CIVIL CASE

**COMPLAINT** FOR DAMAGES
AND INJUNCTIVE RELIEF
BASED UPON VIOLATIONS OF
THE CALIFORNIA INVASION
OF PRIVACY ACT

[Cal. Penal Code §§630 et seq.]

22

23

24

25

26  ////

1

EXHIBIT _A_ PAGE _7_

1    Plaintiff, NICKLAUS LAL ("PLAINTIFF") complains as follows against

2    defendants CAPITAL ONE FINANCIAL CORPORATION, a corporation and as

3    successor-in-interest and assignee of HSBC Card & Retail Services Inc. a/k/a HSBC

4    Card Services Inc. ("CAP ONE"), HSBC CARD SERVICES INC. ("CARD

5    SERVICES"), HSBC TECHNOLOGY & SERVICES (USA) INC. ("HSBC Tech")

6    (CARD SERVICES and HSBC Tech shall collectively be referred to as "HSBC") and

7    DOES 1-25, inclusive  (collectively "DEFENDANTS"):

8

9    **<u>INTRODUCTION</u>**

10       1. This Complaint (hereinafter "Complaint") is filed under California's

11   Invasion of Privacy Act, Cal. Penal Code §§630 et seq. ("CIPA"), which prohibits the

12   recording of telephonic communications without the consent of all parties to the

13   conversation.

14       2. PLAINTIFF brings this action for damages, injunctive relief, and any

15   other available legal or equitable remedies, resulting from DEFENDANTS' illegal

16   actions of willfully employing and/or causing to be employed certain wire-tapping,

17   eavesdropping, recording and listening equipment in order to record, monitor or listen

18   to the telephone communications of PLAINTIFF without the knowledge or consent of

19   PLAINTIFF, in violation of CIPA, thereby invading PLAINTIFF's privacy.

20   PLAINTIFF alleges as follows upon personal knowledge as to himself, individually,

21   and his own acts and experiences, and, as to all other matters, upon information and

2

EXHIBIT *A* PAGE *8*

1   belief, including the investigation conducted by his attorney.

2       3.   California Penal Code §§ 632 and 632.7 prohibit one party to a

3   telephone communication from intentionally recording the conversation without the

4

5   knowledge or consent of the other.   California Penal Code §§ 632 and 632.7 are

6   violated the moment that the recording is made without the consent of all parties

7   thereto, regardless of whether it is subsequently disclosed.   The only intent required

8

9   by Penal Code §§ 632 and 632.7 is that the act of recording itself be done intentionally.

10  There is no requisite intent on behalf of the party doing the surreptitious recording to

11  break California or any other law, or to invade the privacy right of any other person.

12  PLAINTIFF alleges that despite California's two-party consent rule, DEFENDANTS

13

14  violated Penal Code §§ 632 and/or 632.7 by impermissibly recording, monitoring,

15  and/or eavesdropping upon PLAINTIFF's telephone communications.

16              **JURISDICTION AND VENUE**

17

18      4.  This Court has jurisdiction over all cause(s) of action asserted herein

19  pursuant to the California Constitution, Article VI, §10, because the cause(s) of action

20  asserted herein are not given by statute to other trial courts, as this Action is brought

21

22  pursuant to Cal. Penal Code §§630 et seq. to remedy DEFENDANTS' violations of

23  law.

24      5.  This Court has jurisdiction over the defendants named herein because

25  each defendant is either a corporation organized and existing under the laws of the

26

3

EXHIBIT A PAGE 9

State of California, a corporation that does sufficient business in California, or is an individual who has sufficient minimum contacts with California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

6. Venue is proper in this Court because one or more of the defendants either resides in, maintains offices, or conducts business in this County, the telephone calls and wrongs complained of herein, including defendants' primary participation in the wrongful acts detailed herein, occurred in this County, and DEFENDANTS have received substantial compensation in this County by doing business here and engaging in numerous activities that had and have an effect in this County.

## **PARTIES**

7. Plaintiff NICKLAUS LAL is, and at all times herein mentioned was, a resident of Monterey County, California, whose telephone communications were intentionally recorded, monitored, eavesdropped upon, received, and/or intercepted by DEFENDANTS without his knowledge or consent.

8. Defendant CAP ONE is and at all times herein mentioned was, a Delaware corporation doing business in the State of California with its principal place of business in McLean, Virginia. PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned defendant CAP ONE conducted business in the county of Monterey, State of California. PLAINTIFF is further informed and

EXHIBIT A PAGE 10

1  believes and thereon alleges that on May 1, 2012, HSBC Card & Retail Services Inc.

2  a/k/a HSBC Card Services Inc.'s assets and liabilities were either acquired by CAP

3  ONE pursuant to an August 2011 purchase agreement between parent HSBC Finance

4

5  Corporation, HSBC Tech, HSBC USA and CAP ONE or transferred to CAP ONE by

6  way of some other means.  Plaintiff is further informed and believes, and thereon

7  alleges that, in addition to CAP ONE's independent liability for its own actions, CAP

8

9  ONE is additionally liable as a successor-in-interest and/or assignee of HSBC Card &

10  Retail Services Inc. a/k/a HSBC Card Services Inc.  CAP ONE is, and at all times

11  mentioned herein was, a corporation and a "person," as defined by California Penal

12

13  Code § 632(b).

14  9. Defendant CARD SERVICES is and at all times herein mentioned was,

15  an entity of unknown form doing business in the State of California with a principal

16  place of business in Illinois. PLAINTIFF is informed and believes and thereon alleges

17

18  that at all times herein mentioned defendant CARD SERVICES conducted business

19  in the county of Monterey, State of California.  CARD SERVICES is, and at all times

20  mentioned herein was, a corporation and a "person," as defined by California Penal

21

22  Code § 632(b).

23  10. Defendant HSBC Tech is and at all times herein mentioned was, a

24  Delaware corporation doing business in the State of California with a principal place

25  of business in Illinois.  PLAINTIFF is informed and believes and thereon alleges that

26

EXHIBIT A  PAGE 11

at all times herein mentioned defendant HSBC Tech conducted business in the county of Monterey, State of California.  HSBC Tech is, and at all times mentioned herein was, a corporation and a "person," as defined by California Penal Code § 632(b).

11.   PLAINTIFF is unaware of the true names and capacities of defendants sued herein as Does 1 through 25, inclusive. PLAINTIFF is informed and believes and thereon alleges that each fictitiously named defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore.   When the true names and capacities of each said fictitiously named defendant has been ascertained, PLAINTIFF will seek leave to amend this complaint and all proceedings herein to set forth the same.

12. PLAINTIFF is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants were the officers, directors, agents, assignees, assignors, successors in interest or employees of each of their co-defendants and that in doing the things alleged in this complaint were acting within the course and scope of such capacity, with the full knowledge and consent of their co-defendants, and each of them.

## THIS ACTION IS TIMELY

13. In or after October, 2015, Plaintiff learned that his personal telephone conversations may have been recorded by DEFENDANTS.

14. The complaint is timely. Although the applicable statute of

6

limitations for violations of the CIPA is one year (Cal. Civ. Proc. Code §340(a)), this rule is subject to tolling and the "discovery rule" where the time does not begin to run on actions brought under CIPA until the plaintiff discovers or should have discovered his/her injury.

15. As alleged herein, due to the secret nature of the recordings as well as DEFENDANTS' failure to provide any notice or advisement to PLAINTIFF or obtain prior consent to such recordings, PLAINTIFF was not aware that he was being recorded.

16. As set forth below, PLAINTIFF is or was a proper member of the proposed classes in *Bailey, Afrasiabi, Fanning* and *Medeiros* class action lawsuits. DEFENDANTS have been on notice of the *Bailey* class action since at least January 15, 2010 during which time the statute of limitations on the claims of PLAINTIFF has been tolled.

17. On March 23, 2010, a class action lawsuit was filed on behalf of Debra Ann Bailey in the Superior Court of California, County of San Diego naming Household Finance Corporation of California and 10 Doe defendants. The case was entitled *Bailey v. Household Finance Corporation of California, et al.*, Case No. 37-2010-00088295-CU-BT-CTL. The *Bailey* complaint asserted claims under CIPA, Cal. Penal Code §630, *et seq.*, and identified the CIPA class as: "All consumers who currently reside in California whose telephonic communications

EXHIBIT A PAGE 13

with Defendants were recorded during the time period four years prior to the filing of this Complaint." This complaint thus put Defendants on notice of a proposed class that went as far back as March 23, 2006.

18. On March 8, 2012, *Bailey* was dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)–(2) as a result of an individual settlement with Ms. Bailey. Prior to the dismissal of the individual claims in *Bailey*, no class was certified, nor was any determination made on the merits of class certification in the *Bailey* case. *Bailey* was dismissed only as to the named plaintiff's claims, pursuant to Rules 41(a)(1) and 41(a)(2) of the Federal Rules of Civil Procedure, but without prejudice as to putative class claims.

19. On March 12, 2012, California resident, Nina Afrasiabi, filed a class action lawsuit in the U.S. District Court, Southern District of California against Bank Nevada, captioned *Afrasiabi v. HSBC Bank Nevada, N.A.*, Case No. 12-cv-685-MMA-DHB, alleging CIPA violations and identifying the class as: "[a]ll persons in California whose inbound and outbound telephone conversations were monitored, recorded, eavesdropped upon and/or wiretapped without their consent by Defendant within the four years prior to the filing of the original complaint in this action." *Afrasiabi*, ECF No. 1, ¶15.

20. On April 20, 2012, Ms. Afrasiabi filed her First Amended Complaint adding Bank Nevada as a defendant (*Afrasiabi*, ECF No. 4) and

8

maintaining the same class definition. On April 26, 2012, the *Afrasiabi* action was

voluntarily dismissed, without prejudice, against HSBC Bank USA. *Id.*, ECF No. 7.

No class certification briefing occurred and thus, no class was certified in the

*Afrasiabi* lawsuit. There was no determination on the merits of the class action or

the rights of the putative plaintiffs.

21. On February 7, 2013, Ms. Afrasiabi moved to dismiss her

individual case only, without prejudice to the claims of the putative class members.

*Id.*, ECF No. 28. The court entered an order dismissing the *Afrasiabi* case against

defendant Bank Nevada without prejudice to the claims of the putative class. *Id.*,

ECF No. 30.

22. On June 4, 2012, representative plaintiffs Terry J. Fanning and

Tatiana Jabbar filed class action claims alleging CIPA violations against HSBC

Card Services Inc. and HSBC Technology & Services Inc. (the *Fanning lawsuit*).

Although class certification has not been decided by the *Fanning* district court, the

class period in the *Fanning* case was set during the time period March 23, 2009

through May 1, 2012. On November 19, 2013, the *Fanning* lawsuit was stayed

pending adjudication of the standing of the class representatives, Fanning and

Jabbar. The stay was lifted on May 5, 2014.

23. On July 29, 2014, California residents, Gail Medeiros, Tracy T.

Bomberger, Peter Morrissey, and Julie Pulatie, filed a class action lawsuit in the

U.S. District Court, Southern District of California against HSBC Card & Retail

Services, Inc. *by and through its successor in interest Capital One Financial*

*Corporation, a/k/a, Capital One Financial Corporation also known as HSBC Card*

*Services Inc.*, HSBC Card Services Inc., and HSBC Technology & Services (USA)

Inc., captioned *Medeiros v. HSBC Card Services Inc, et al.*, (U.S. District Court,

Southern District of California Case No. 14-cv01786-JLS-MDD - hereinafter the

"*Medeiros Lawsuit SD*"; later transferred to the U.S. District Court, Central District

of California, Case No. 2:15-cv-9093-JVS-AFM -hereinafter the "*Medeiros Lawsuit*

*CD*"), alleging CIPA violations and identifying a class.

    24.   On November 21, 2014, a First Amended Complaint was filed in

the *Medeiros Lawsuit* (*Medeiros Lawsuit SD*, ECF No. 3), which set forth

allegations maintaining violations of CIPA and identifying two subclasses as:

Subclass A: "All California individuals, who, at any time during the applicable

limitations period beginning March 23, 2009, including any period tolled preceding

the filing of this complaint through the date of resolution, were called by, and

participated in, one or more conversations concerning their credit card accounts

with representatives of HSBC, or their agents, on a landline telephone (hereinafter

Subclass A) and whose calls were recorded."; and Subclass B: "All California

individuals, who, at any time during the applicable limitations period beginning

March 23, 2009, including any period tolled preceding the filing of this complaint

EXHIBIT A PAGE 16

through the date of resolution, were called by, and participated in, one or more cellular telephone conversations with representatives of HSBC, or their agents, on a cellular telephone (hereinafter Subclass B) and whose calls were recorded."

*Medeiros Lawsuit SD*, ECF No. 3, ¶35.

25.  On October 9, 2015, the *Medeiros Lawsuit SD* was transferred to the Central District of California and later to the docket of the Honorable James V. Selna (*Medeiros Lawsuit CD*), as a related case to the *Fanning Lawsuit*.

26.  On August 26, 2016, a Motion For Settlement Approval of Class Action Settlement (Preliminary) was filed in the *Fanning Lawsuit* and *Medeiros Lawsuit CD* (ECF No. 359), with a scheduled hearing date of 10/17/2016. As of the date of this Complaint, no class has been certified in the *Fanning Lawsuit* or the *Medeiros Lawsuit CD*. There has been no determination on the merits of the class action or the rights of the putative plaintiffs.

27. PLAINTIFF's CIPA claims have been tolled under the discovery rule and the pending Class Action lawsuits. PLAINTIFF was unable to discover that his conversations were recorded because only DEFENDANTS were aware of which calls were recorded and no verbal advisory was provided at the outset of the calls. This complaint is thus timely and DEFENDANTS have been on notice of the claims alleged herein.

////

EXHIBIT A PAGE 17

## FACTUAL ALLEGATIONS

28.  Prior to and during the period of March 23, 2009 through May 1, 2012, PLAINTIFF's wife was employed by CARD SERVICES at HSBC's Salinas, California facility.  As an employee of CARD SERVICES, PLAINTIFF's wife was permitted to make personal telephone calls from the company telephone, but was not required nor told to give a warning to the other party to the personal telephone call that calls may or were being recorded by DEFENDANTS.

29.  On or about May 1, 2012, HSBC's Salinas, California facility was transferred to CAP ONE and numerous HSBC employees became employees of CAP ONE.   From May 1, 2012 through October 2013, PLAINTIFF's wife was employed by CAP ONE at CAP ONE's Salinas, California facility.  As an employee of CAP ONE, PLAINTIFF's wife was permitted to make personal telephone calls from the company telephone, but was not required nor told to give a warning to the other party to the personal telephone call that calls may or were being recorded by CAP ONE.

30.  Before and during the period of March 23, 2009 through May 1, 2012, PLAINTIFF had numerous personal telephone communications with HSBC employees, including but not limited to PLAINTIFF's wife, that DEFENDANTS intentionally recorded, monitored, and/or eavesdropped upon without the consent or knowledge of PLAINTIFF.  From May 1, 2012 through October 2013, PLAINTIFF

EXHIBIT A PAGE 18

had numerous personal telephone communications with CAP ONE employees,

including but not limited to PLAINTIFF's wife, that CAP ONE intentionally

recorded, monitored, and/or eavesdropped upon without the consent or knowledge

of PLAINTIFF. At no time did PLAINTIFF give his consent for his personal

telephone calls to be recorded, monitored, and/or eavesdropped upon.

PLAINTIFF's personal telephone communications were confidential and personal

in nature. PLAINTIFF reasonably expected his personal telephone communications

to be confidential and/or private, and did not expect third parties to be recording

and/or intercepting his communications. PLAINTIFF is informed and believes and

thereon alleges that more than 300 of his personal telephone communications were

recorded, monitored, and/or eavesdropped upon by DEFENDANTS prior to and

during the period of March 23, 2009 through October 2013.

   31.   Before and during the period of March 23, 2009 through May 1,

2012, PLAINTIFF had numerous personal telephone communications with HSBC

employees, including but not limited to PLAINTIFF's wife, which were transmitted

between a landline and PLAINTIFF's cordless telephone or cellular telephone, that

DEFENDANTS intercepted or received and intentionally recorded, monitored,

and/or eavesdropped upon without the consent or knowledge of PLAINTIFF. At no

time did PLAINTIFF give his consent for his personal telephone calls to be

intercepted or received by DEFENDANTS, or recorded, monitored, and/or

EXHIBIT _A_ PAGE _19_

eavesdropped upon. PLAINTIFF is informed and believes and thereon alleges that more than 300 of his telephone communications were intercepted or received and intentionally recorded, monitored, and/or eavesdropped upon by DEFENDANTS prior to and during the period of March 23, 2009 through October 2013.

32.  PLAINTIFF is informed and believes and thereon alleges that during the relevant time period, DEFENDANTS had a policy and practice of intercepting or receiving and intentionally recording, monitoring, and/or eavesdropping upon confidential telephone communications without obtaining consent or advising all parties to the call that the call was being recorded, in violation of Cal. Penal Code §§630 et seq.

33.  PLAINTIFF is informed and believes, and thereon alleges that during the relevant time period, DEFENDANTS installed and/or caused to be installed certain recording, wire-tapping, eavesdropping, and listening equipment and/or software in their company telephone lines.  DEFENDANTS used these devices to intercept, receive, overhear, record, and listen to each and ever conversation on said telephone lines, including PLAINTIFF's personal telephone communications, and without PLAINTIFF's knowledge or consent.

34.  PLAINTIFF was shocked to discovery that his personal communications may have been recorded by DEFENDANTS without his knowledge or consent. DEFENDANTS' secret recordings caused PLAINTIFF harm

EXHIBIT A PAGE 20

and damages, including but not limited to loss of privacy, loss of security, shock, upset, fear, anger, sadness, and other forms of emotional distress.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S INVASION OF PRIVACY ACT
#### (Cal. Penal Code §§630 et seq.)
#### (As to All Defendants)

35. PLAINTIFFS re-allege and incorporate the allegations in Paragraphs 1 through 34 above with the same force and effect as if herein set forth.

### COUNT I - Violations of Cal. Penal Code §§632, 637.2(a)-(b)

36. Under the California Constitution, PLAINTIFF has a right to privacy. California Penal Code §632 prohibits one party to a telephone call from intentionally recording, wire-tapping, or eavesdropping upon a confidential communication without the knowledge or consent of the other party.

37. During all times relevant herein, DEFENDANTS made use of equipment and/or a software system that enabled them to secretly record PLAINTIFF's confidential telephone communications.

38. In each communication, PLAINTIFF discussed personal information relating to circumstances, relationships, and private personal affairs. PLAINTIFF had a reasonable expectation that the conversations would be confined to the parties to the communications, and that his personal telephone communications were not being overheard or recorded. Each of PLAINTIFF's personal telephone communications were "confidential communications" within the

15

EXHIBIT A PAGE 21

1   meaning of California Penal Code §632(c).

2       39.  DEFENDANTS' recording of PLAINTIFF's personal telephone

3   communications violated California Penal Code §632(a).

4

5       40.  Pursuant to California Penal Code §637.2(a), PLAINTIFF is

6   entitled to recover the greater of statutory damages in the amount of $5,000.00 per

7   violation or three times the amount of actual damages sustained by PLAINTIFF.

8

9       41.  Pursuant to California Penal Code §637.2(b), PLAINTIFF also

10  seeks a preliminary and permanent injunction to restrain DEFENDANTS from

11  committing further violations of California Penal Code §632.

12  **COUNT II - - Violations of Cal. Penal Code §§632.7, 637.2(a)-(b)**

13

14      42.  Under the California Constitution, PLAINTIFF has a right to

15  privacy.  California Penal Code §632.7 prohibits the interception or receipt and

16  intentional recording of a communication transmitted between two cellular radio

17  telephones, a cellular radio telephone and a landline telephone, two cordless

18

19  telephones, a cordless telephone and a landline telephone, or a cordless telephone

20  and a cellular radio telephone (collectively referred to as "cellular/cordless

21  telephone(s)") without the consent of all parties to the communication.

22

23      43.  During all times relevant herein, DEFENDANTS made use of

24  equipment and/or a software system that enables them to secretly intercept or

25  receive and intentionally record PLAINTIFF's cellular/cordless telephone

26

EXHIBIT A  PAGE 22

communications without PLAINTIFF's knowledge or consent.

44.  DEFENDANTS' interception or receipt and intentional recording of cellular/cordless telephone communications without PLAINTIFF's consent violated California Penal Code §632.7(a).

45.  Pursuant to  California Penal Code §637.2(a), PLAINTIFF is entitled to recover the greater of statutory damages in the amount of $5,000.00 per violation or three times the amount of actual damages sustained by PLAINTIFF.

46.  Pursuant to California Penal Code §637.2(b), PLAINTIFF also seeks a preliminary and permanent injunction to restrain DEFENDANTS from committing further violations of California Penal Code §632.7.

**WHEREFORE**, PLAINTIFF Prays for Judgment to be entered as follows:

As against defendant CAP ONE only:

1)                     For the greater of three times the amount of actually damages or statutory damages in the amount of $5,000.00 per violation that occurred on or after May 1, 2012, pursuant to California Penal Code §637.2(a);

As against ALL DEFENDANTS, jointly and severally:

2)                     For the greater of three times the amount of

17

1    actually damages or statutory damages in

2    the amount of $5,000.00 per violation that

3    occurred prior to and during the period of

4    March 23, 2009 through May 1, 2012,

5    pursuant to California Penal Code

6    §637.2(a);

7

8

9    3)    For a preliminary and permanent injunction

10         to restrain further violations of California

11         Penal Code §§632 and 632.7, pursuant to

12         California Penal Code §637.2(b);

13

14   4)    For reasonable attorneys' fees;

15   5)    For costs of suit;

16   6)    For Pre- and post-judgment interest at the

17         legal rate; and

18

19   7)    For such Other Relief As The Court May

20         Order.

21   ////

22   ////

23   ////

24   ////

25   ////

26

EXHIBIT A PAGE 24

1

# DEMAND FOR TRIAL BY JURY

2
3        PLAINTIFF is entitled to and hereby demands a trial by jury for all

4   claims so triable.

5   Date: 09/26/16

6                                           Respectfully submitted,
7                                     Law Offices of Deborah L. Raymond

8
9        By:_____

10                                     Deborah L. Raymond, Esq.
11                                       Attorney For Plaintiff,
                                             Nicklaus Lal

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT A PAGE 25

| SUPERIOR COURT OF MONTEREY COUNTY | |
|---|---|
| **Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
| Nicklaus Lal<br>vs.<br>Capital One Financial Corporation, et al. | **CASE NUMBER**<br>**16CV002985** |
| | **Case Management Conference** |

### NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case number ending EVEN is assigned for all purposes to the Hon. Thomas W. Wills**

**Your case number ending ODD is assigned for all purposes to the Hon. Susan J. Matcham**

This notice and Alternative Dispute Resolution (ADR) information packet <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov . A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

### Date: <u>January 24, 2017</u>     Time:<u>9:00 AM</u>     <u>Department 15</u>

### Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>

---

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

---

[Rev. January 2016]

EXHIBIT _A_ PAGE _26_

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Deborah L. Raymond, SBN 173528<br>Law Offices of Deborah L. Raymond<br>445 Marine View Avenue, Suite 120<br>Del Mar, CA 92014<br>   TELEPHONE NO.: 858-481-9559    FAX NO. *(Optional)*: 858-724-0747<br>E-MAIL ADDRESS *(Optional)*: draymondlaw@gmail.com<br>ATTORNEY FOR *(Name)*: Nicklaus Lal | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Monterey
   STREET ADDRESS: 1200 Aguajito Road
   MAILING ADDRESS: Same
   CITY AND ZIP CODE: Monterey, CA 93940
   BRANCH NAME: Monterey Courthouse

PLAINTIFF/PETITIONER: Nicklaus Lal

DEFENDANT/RESPONDENT: Capital One Financial Corporation et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>16CV002985 |
|---|---|

TO *(insert name of party being served)*: HSBC TECHNOLOGY & SERVICES (USA) INC.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 10/19/2016

Deborah L. Raymond
     (TYPE OR PRINT NAME)     ▶ _(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)_

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:

   CIVIL COVERSHEET and NOTICE OF ASSIGNMENT AND CASE MANAGEMENT
   CONFERENCE

*(To be completed by recipient):*

Date this form is signed: 11/4/2016

_Shannon Dulic, HSBC Tech Services_
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _Shannon Dulic, attorney for HSBC Tech Services_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT A PAGE 27

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Deborah L. Raymond, SBN 173528<br>Law Offices of Deborah L. Raymond<br>445 Marine View Avenue, Suite 120<br>Del Mar, CA 92014<br>TELEPHONE NO.: 858-481-9559   FAX NO. *(Optional):* 858-724-0747<br>E-MAIL ADDRESS *(Optional):* draymondlaw@gmail.com<br>ATTORNEY FOR *(Name):* Nicklaus Lal | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Monterey
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: Same
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME: Monterey Courthouse

PLAINTIFF/PETITIONER: Nicklaus Lal

DEFENDANT/RESPONDENT: Capital One Financial Corporation et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>16CV002985 |
|---|---|

TO *(insert name of party being served):* HSBC CARD SERVICES INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 10/19/2016

Deborah L. Raymond
_____
(TYPE OR PRINT NAME)                   ▶ _____
                                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify)*:
   CIVIL COVERSHEET and NOTICE OF ASSIGNMENT AND CASE MANAGEMENT
   CONFERENCE

*(To be completed by recipient):*

Date this form is signed: 11/4/2016

Shannon Dudré, HSBC Card Services Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Shannon Dudré, attorney for HSBC Card Services

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

EXHIBIT A PAGE 28

**EXHIBIT B**

1

**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)

2

heley@dollamir.com
CONNIE TCHENG (SBN 228171)

3

ctcheng@dollamir.com
1888 Century Park East, Suite 1850

4

Los Angeles, California 90067

5

Tel:  310.557.9100
Fax: 310.557.9101

6

7

Attorneys for Defendant
  CAPITAL ONE, N.A., ERRONEOUSLY SUED AS CAPITAL
  ONE FINANCIAL CORPORATION

8

9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

**SAN JOSE DIVISION**

12

13

14

15

16

17

18

19

20

21

| | |
|---|---|
| NICKLAUS LAL, an individual | ) Case No. |
| Plaintiff, | ) **NOTICE OF CONSENT TO REMOVAL** |
| vs. | ) |
| CAPITAL ONE FINANCIAL CORPORATION, a corporation and as successor-in-interest and assignee of HSBC Card & Retail Services Inc. a/k/a HSBC Card Services Inc., a Delaware Corporation; HSBC CARD SERVICES INC., an entity of unknown form; HSBC TECHNOLOGY & SERVICES (USA) INC., a Delaware Corporation; DOES 1 through 25, inclusive, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

22

23

24

25

26

27

28

EXHIBIT _B_ PAGE 29

LA 52019480

1     **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT**

2 **OF CALIFORNIA, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3     **PLEASE TAKE NOTICE** that defendant Capital One, N.A., erroneously sued as Capital

4 One Financial Corporation, ("Capital One") hereby consents to the removal by defendants HSBC

5 Card Services Inc. and HSBC Technology & Services (USA) Inc. of the action entitled <u>Nicklaus</u>

6 <u>Lal v. Capital One Financial Corporation, et al.</u>, Monterey County Superior Court, State of

7 California, Case No. 16-CV-002985, to the United States District Court for the Northern District of

8 California, without waiving Capital One's rights to assert any motions to quash, personal

9 jurisdiction defenses or other motions, including but not limited to motions to compel arbitration

10 and/or any other motions permitted by the Federal Rules of Civil Procedure.

11

12 Dated: November 17, 2016            DOLL AMIR & ELEY LLP

13                                        HUNTER ELEY
                                     CONNIE TCHENG

14

15                                      By: _____
                                           HUNTER ELEY

16

17                                     Attorneys for Defendant
                                     CAPITAL ONE, N.A., ERRONEOUSLY
                                     SUED AS CAPITAL ONE FINANCIAL
                                     CORPORATION

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086


EXHIBIT _B_ PAGE 30

NOTICE OF CONSENT TO REMOVAL

1

### CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2016, a copy of the foregoing **NOTICE OF REMOVAL OF DEFENDANTS HSBC CARD SERVICES INC. AND HSBC TECHNOLOGY & SERVICES (USA) INC.** was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/CEF System.


_/s/ Shannon E. Dudic_
Shannon E. Dudic

By mail to:
Deborah L. Raymond
LAW OFFICES OF DEBORAH L. RAYMOND
445 Marine View Avenue, Suite 120
Del Mar, CA 92014

Hunter R. Eley
DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, California 90067

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 52014568

- 1 -

NOTICE OF REMOVAL OF ACTION BY HSBC