1   STROOCK & STROOCK & LAVAN LLP
    JULIA B. STRICKLAND (State Bar No. 083013)
2   SHANNON E. DUDIC (State Bar No. 261135)
    GEOFFREY L. WARNER (State Bar No. 305647)
3   2029 Century Park East
    Los Angeles, CA 90067-3086
4   Telephone: 310.556.5800
    Facsimile:  310.556.5959
5   Email:      lacalendar@stroock.com

6   Attorneys for Defendants
      HSBC CARD SERVICES INC. and HSBC TECHNOLOGY &
7     SERVICES (USA) INC.

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  NICKLAUS LAL, an individual,           )  Case No. 5:16-cv-06674-BLF
                                           )
13              Plaintiff,                  )  [Assigned to the Hon. Beth Labson Freeman]
                                           )
14       vs.                                )  **REQUEST FOR JUDICIAL NOTICE IN
                                           )  SUPPORT OF MOTION OF
15  CAPITAL ONE FINANCIAL                   )  DEFENDANTS HSBC CARD SERVICES
    CORPORATION, a corporation and as       )  INC. AND HSBC TECHNOLOGY &
16  successor-in-interest and assignee of HSBC )  SERVICES (USA) INC. TO STAY ACTION**
    Card & Retail Services Inc. a/k/a HSBC Card )
17  Services Inc., a Delaware Corporation; HSBC )
    CARD SERVICES INC., an entity of unknown )  Hearing:
18  form; HSBC TECHNOLOGY & SERVICES )  Date:      March 30, 2017
    (USA) INC., a Delaware corporation; DOES 1 )  Time:      9:00 a.m.
19  through 25, inclusive,                  )  Location:  Courtroom 3
                                           )
20              Defendants.                 )  [Notice of Motion and Motion filed and
                                           )  [Proposed] Order lodged concurrently]
21  _____ )

22

23

24

25

26

27

28

LA 52029338

1   It is well settled that courts "may take judicial notice of court filings and other matters of

2   public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006);

3   see, e.g., Sami v. Wells Fargo Bank, No. C-12-00108 DMR, 2012 WL 3204194, at *1 (N.D. Cal.

4   Aug. 3, 2012) (granting request to take judicial notice of court-entered judgment).  Similarly, courts

5   may take judicial notice of reporter's transcripts of court hearings.  Johnson v. Uribe, 700 F.3d 413,

6   424 (9th Cir. 2012) (taking judicial notice of reporter's transcript of oral proceedings regarding

7   resentencing hearing in superior court); Pickup v. Brown, No. 2:12-CV-02497-KJM, 2012 WL

8   6024387, at *3 (E.D. Cal. Dec. 4, 2012) ("Transcripts from other court proceedings are proper

9   subjects of judicial notice."); Benavides v. City of Arvin, No. F CV 12-0405 LJO GSA, 2012 WL

10   1910259, at *3 (E.D. Cal. May 25, 2012) (taking judicial notice of court reporter's transcript

11   regarding change of plea).  Such documents contain the type of facts that are not subject to

12   reasonable dispute because they can be accurately and readily determined from sources whose

13   accuracy cannot reasonably be questioned.  See Fed. R. Evid. 201(b)(2).

14   Accordingly, for the foregoing reasons, defendants HSBC Card Services Inc. and HSBC

15   Technology & Services (USA) Inc. (collectively, "HSBC") respectfully request that the Court take

16   judicial notice of the following documents submitted in support of HSBC's Motion to Stay Action:

17   1.   HSBC's Motion for Summary Judgment filed on March 4, 2016 (the "Motion") in

18   Ron Kempton, et al. v. Capital One Financial Corporation, No. 37-2014-00023795-CU-MC-NC

19   (Cal. Super. Ct.) sub nom. Dalia Rojas v. HSBC Card Services Inc., et al., No. D071442 (Cal. App.

20   Ct. filed Nov. 18, 2016) ("Rojas").  A true and correct copy of the Motion is attached hereto as

21   Exhibit A.

22   2.   Plaintiff Dalia Rojas's ("Dalia") Opposition to the Motion (the "Opposition") filed

23   on June 17, 2016 in Rojas.  A true and correct copy of the Opposition is attached hereto as Exhibit

24   B.

25   3.   HSBC's Reply to the Motion (the "Reply") filed on July 15, 2016 in Rojas.  A true

26   and correct copy of the Reply is attached hereto as Exhibit C.

27   4.   The Order in Rojas granting HSBC's Motion (the "MSJ Order"), dated August 5,

28   2016.  A true and correct copy of the MSJ Order is attached hereto as Exhibit D.

5.      The relevant excerpts of the certified reporter's transcript for the November 4, 2016 hearing of cross-defendant Alejandra Rojas' motion for summary judgment in <u>Rojas</u> (the "Transcript").  A true and correct copy of the Transcript is attached hereto as Exhibit E.

6.      The Notice of Appeal filed on November 18, 2016 by Dalia in <u>Rojas</u> (the "Notice of Appeal").  A true and correct copy of the Notice of Appeal is attached hereto as Exhibit F.

Dated:  December 20, 2016                    STROOCK & STROOCK & LAVAN LLP
                                            JULIA B. STRICKLAND
                                            SHANNON E. DUDIC
                                            GEOFFREY L. WARNER


                                            By:              */s/ Shannon E. Dudic*
                                            _____
                                                       Shannon E. Dudic
                                            Attorneys for Defendants
                                                HSBC CARD SERVICES INC. and HSBC
                                                TECHNOLOGY & SERVICES (USA) INC.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 52029338

# EXHIBIT A

1   STROOCK & STROOCK & LAVAN LLP
     JULIA B. STRICKLAND (State Bar No. 083013)
2   ALLAN S. COHEN (State Bar No. 115532)
     SHANNON E. DUDIC (State Bar No. 261135)
3   2029 Century Park East
     Los Angeles, CA 90067-3086
4   Telephone:  310-556-5800
     Facsimile:   310-556-5959
5   Email:     lacalendar@stroock.com

6   Attorneys for Defendants and Cross-Complainants
     HSBC CARD SERVICES INC.,  HSBC TECHNOLOGY &
7   SERVICES (USA) INC. AND CAPITAL ONE FINANCIAL
     CORPORATION

FILED
NORTH COUNTY DIVISION

2016 MAR -4  PM 2: 53

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| 10   RON KEMPTON, an individual; KATHY | Case No. 37-2014-00023795-CU-MC-NC |
| 11   KEMPTON, an individual; and DALIA ROJAS, an individual, | [Assigned to the Hon. Earl H. Maas, III] |
| 12         Plaintiffs, | **NOTICE OF MOTION AND MOTION OF** |
| 13 | **DEFENDANTS AND CROSS-** |
|      vs. | **COMPLAINANTS HSBC CARD** |
| 14 | **SERVICES INC. AND HSBC** |
|     CAPITAL ONE FINANCIAL | **TECHNOLOGY & SERVICES (USA) INC.** |
| 15   CORPORATION, as successor-in-interest and | **FOR SUMMARY JUDGMENT OR, IN** |
|     assignee of HSBC Card & Retail Services Inc. | **THE ALTERNATIVE, SUMMARY** |
| 16   a/k/a HSBC Card Services Inc., a Delaware | **ADJUDICATION OF FIRST AMENDED** |
|     Corporation; HSBC CARD SERVICES INC., a | **COMPLAINT** |
| 17   Delaware Corporation; HSBC TECHNOLOGY | |
|     & SERVICES (USA) INC., a Delaware | [Separate Statement of Undisputed Facts, |
| 18   Corporation, and DOES 1 through 10, | Declarations of Marilou Sullivan, Kathleen |
| 19         Defendants. | Tinajero, Shannon E. Dudic and Daniel Boisson, Appendix of Exhibits and Appendix of Non-California Authorities filed |
| 20 | concurrently] |
| 21   CAPITAL ONE FINANCIAL | Hearing |
|     CORPORATION, HSBC CARD SERVICES | Date:     May 20, 2016 |
| 22   INC. and HSBC TECHNOLOGY & | Time:     1:30 p.m. |
|     SERVICES (USA) INC., | Dept.:    N-28 |
| 23       ~~Cross-Complainants,~~ | Action Filed: July 14, 2014 |
| 24 | Trial Date:  Not Set |
|      vs. | |
| 25 | |
|     ALEJANDRA ROJAS, an individual, and | |
| 26   ROES 1 through 10, inclusive, | |
| 27        Cross-Defendants. | |
| 28 | |

COPY

**TO THE COURT, PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that, on May 20, 2016, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom N-28 of the above-entitled Court, located at 325 S. Melrose Drive, Vista, CA 92081-6695, defendants HSBC Card Services Inc. ("Card Services") and HSBC Technology & Services (USA) Inc. ("Tech Services" and, collectively ("HSBC")) will, and hereby do, move pursuant to California Code of Civil Procedure Section 437c and California Rule of Court 3.1350 for an order granting summary judgment or, in the alternative, summary adjudication with respect to all causes of action and claims asserted by plaintiff Dalia Rojas ("Plaintiff") in the First Amended Complaint on the grounds that there are no genuine disputes of material fact and HSBC is entitled to judgment or, in the alternative, summary adjudication as a matter of law as follows:

1.     The First Cause of Action fails based on the undisputed facts and as a matter of law because HSBC did not "intentionally" record any confidential telephone calls of Plaintiff.

2.     The Second Cause of Action fails based on the undisputed facts and as a matter of law because:  (1) HSBC did not "intentionally" record Plaintiff's calls; and/or (2) HSBC did not "intercept" or "receive" the calls at issue without Plaintiff's consent.

3.     HSBC prevails on its Tenth Affirmative Defense for violation of due process as a matter of fact and law because the imposition of liability and/or statutory damages under California's Invasion of Privacy Act, Penal Code section 637.2, as sought in the First Amended Complaint, violates constitutional due process.  To the extent HSBC's Tenth Affirmative Defense does not resolve this action in its entirety, HSBC moves for summary adjudication on this ground pursuant to Section 437c(t) of the Code of Civil Procedure.  As set forth in the concurrently filed Declaration of Shannon E. Dudic, Plaintiff has not yet responded regarding whether she will stipulate that the Court shall hear the motion on this ground.  HSBC submits that resolution of the

HSBC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

LA 51972301

1    Motion on this ground will further the interest of judicial economy by decreasing trial time or

2    significantly increasing the likelihood of settlement.

3         4.     In the alternative, HSBC moves this Court for an order limiting damages to $5,000

4    per action, not per violation.  HSBC moves for summary adjudication on this ground pursuant to

5    Section 437c(t) of the Code of Civil Procedure.  As set forth in the concurrently filed Declaration

6    of Shannon E. Dudic, Plaintiff has not yet responded regarding whether she will stipulate that the

7    Court shall hear the motion on this ground.  HSBC submits that resolution of the Motion on this

8    ground will further the interest of judicial economy by decreasing trial time or significantly

9    increasing the likelihood of settlement.

10        This Motion is based on this Notice of Motion and Motion, the accompanying

11   Memorandum of Points and Authorities, the Declarations of Marilou Sullivan, Kathleen Tinajero,

12   Daniel Boisson and Shannon E. Dudic, the Separate Statement of Undisputed Material Facts, the

13   Appendix of Exhibits and the Appendix of Non-California Authorities, the pleadings and records

14   on file herein, such further papers as may be filed in connection with this Motion and such other

15   evidence and arguments as may be presented to the Court in connection with this Motion.

16
17
18   Dated:  March 1, 2016           STROOCK & STROOCK & LAVAN LLP

19                                 JULIA B. STRICKLAND
                                   ALLAN S. COHEN

20                                 SHANNON E. DUDIC

21                                 By: _____

22                                         Shannon E. Dudic
                               Attorneys for Defendants and Cross-Complainants

23                           HSBC CARD SERVICES INC., HSBC
                             TECHNOLOGY & SERVICES (USA) INC.

24                           and CAPITAL ONE FINANCIAL
                             CORPORATION

25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .......................................................................................... 1

II.   THE UNDISPUTED FACTS ......................................................................... 2

    A.   Allegations of the First Amended Complaint .................................... 2

    B.   HSBC Records Calls In The Ordinary Course Of Business For Quality Assurance and Business Purposes. ................................................ 3

    C.   Card Services Disclosed To Employees That Calls Would Be Recorded .................. 3

    D.   Recordings Of Telephone Calls Between A. Rojas And Plaintiff .............. 5

III.  ARGUMENT ................................................................................................. 7

    A.   Standard On Summary Judgment .................................................... 7

    B.   Plaintiff's First Cause Of Action For Violation Of Section 632 Fails As A Matter Of Fact And Law. ............................................. 7

    C.   Plaintiff's Second Cause Of Action For Violation Of Section 637.2 Fails As A Matter Of Fact And Law. ........................................ 9

    D.   HSBC's Tenth Affirmative Defense Of Due Process Violation Prevails As A Matter Of Fact And Law. ................................... 13

    E.   In the Alternative, HSBC Is Entitled To Summary Adjudication Limiting Plaintiff's Statutory Damages To $5,000 Per Action, Not Per Call Recording. ............................................................ 16

IV.   CONCLUSION ............................................................................................. 19

LA 51972301

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Aguilar v. Atlantic Richfield Co.,
  25 Cal. 4th 826 (2001) .................................................................................................7

Balmoral Hotel Tenants Ass'n v. Lee,
  226 Cal. App. 3d 686 (1990) .......................................................................................14

Busching v. Super. Ct.,
  12 Cal. 3d 44 (1974) ....................................................................................................16

Compton v. City of Santee,
  12 Cal. App. 4th 591 (1993) ..........................................................................................7

Flanagan v. Flanagan,
  27 Cal. 4th 766 (2002) ...................................................................................................7

Furman v. Station Casinos LLC,
  Case No. 56-2013-00446134-CU-BT-VTA (March 11, 2014) ....................................18

Estate of Griswold,
  25 Cal. 4th 904 (2001) ...................................................................................................9

Hale v. Morgan,
  22 Cal. 3d 388 (1978) ...............................................................................2, 13, 14, 15

Kinney v. Vaccari,
  27 Cal. 3d 348 (1980) ..................................................................................................14

Marich v. MGM/UA Telecomms., Inc.,
  113 Cal. App. 4th 415 (2003) ........................................................................................7

People v. Super. Ct. (Smith ),
  70 Cal. 2d 123 (1969) ....................................................................................................8

People v. Wingo,
  14 Cal. 3d 169 (1975) ..................................................................................................13

In re Sandoval,
  341 B.R. 282 (Bankr. C.D. Cal. 2006) ..................................................................18, 19

In re Spinks,
  253 Cal. App. 2d 748 (1967) .......................................................................................13

Starbucks Corp. v. Super. Ct.,
  168 Cal. App. 4th 1436 (2008) ...............................................................................2, 14

HSBC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
SUMMARY ADJUDICATION

LA 51972301

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

<u>Tucker Land Co. v. State of California,</u>
    94 Cal. App. 4th 1191 (2001) ................................................................9, 10

<u>Universal City Studios, Inc. v. Workers' Comp. Appeals Bd.,</u>
    99 Cal. App. 3d 647 (1979) ...................................................................14

<u>Walsh v. Kirby,</u>
    13 Cal. 3d 95 (1974) ..............................................................................15

<u>Yevgeniya Granina v. Eddie Bauer, LLC,</u>
    Case No. BC 569111, Order Sustaining Demurrer and Denying Motion to Strike
    (Super. Ct. L.A.) ............................................................................11, 12

<u>Young v. Hilton Worldwide, Inc.,</u>
    No. 2:12-CV-01788-R-PJWX, 2014 WL 3434117 (C.D. Cal. July 11, 2014) .........12

**Statutes**

Cal. Bus. & Prof. Code § 17206(a) .......................................................17

Cal. Bus. & Prof. Code § 17536(a) .......................................................17

Cal. Bus. & Prof. Code § 17538.45 .......................................................17

Cal. Bus. & Prof. Code § 21672(a) .......................................................17

Cal. Civ. Code § 1745.5(d) .................................................................17

Cal. Civ. Code § 1798.84(c) ...............................................................17

Cal. Civ. Code § 52( a) .....................................................................16

Cal. Civ. Proc. Code § 437c ......................................................*passim*

Cal. Civ. Proc. Code § 789.3 ..............................................................13

Cal. Fin. Code § 4995.3(e) ................................................................18

Cal. Gov't. Code § 12651(a) ...............................................................16

Cal. Ins. Code § 12693.32(d)(2) ...........................................................18

Cal. Labor Code § 432.7 ...................................................................14

Cal. Labor Code § 6505.5(b)(3) ............................................................16

Cal. Pen. Code § 593d .....................................................................18

Cal. Pen. Code § 632 ...........................................................*passim*

Cal. Pen. Code § 632.5 ..............................................................10, 11

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- iii -

HSBC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
SUMMARY ADJUDICATION

LA 51972301

Cal. Pen. Code § 632.6 ............................................................................................10, 11

Cal. Pen. Code § 632.7 ...................................................................................*passim*

Cal. Pen. Code § 637.2 ...................................................................................*passim*

Cal. Pen. Code § 653j ...........................................................................................8

Cal. Pub. Util. Code § 2107 ...............................................................................17

Cal. Pub. Util. Code § 2876 ...............................................................................17

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HSBC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
SUMMARY ADJUDICATION

LA 51972301

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Cross-defendant Alejandra Rojas ("A. Rojas") is a former employee of defendant HSBC Card Services Inc. ("Card Services").  It is undisputable that A. Rojas was informed that Card Services recorded employees' calls for business and quality assurance purposes.  Nonetheless, A. Rojas placed personal calls to her mother, plaintiff Dalia Rojas ("Plaintiff") using Card Services' company phone.  As a consequence, those calls were inadvertently recorded.  In this action, Plaintiff alleges that the inadvertent recording of calls between A. Rojas and Plaintiff violated California's Invasion of Privacy Act, Penal Code Section 630, et seq. ("CIPA").  Specifically, Plaintiff alleges that Card Services and HSBC Technology & Services (USA) Inc. ("Tech Services" and, collectively with Card Services, "HSBC") violated CIPA, Section 632 (regarding confidential communications) (First Cause of Action) and CIPA, Section 632.7 (regarding communications with a cellular or cordless phone) (Second Cause of Action).  As amply demonstrated below, Plaintiff's claims are defeated as a matter of fact and law, and HSBC is entitled to summary judgment.

First, Plaintiff's First Cause of Action is defeated as a matter of undisputed fact and law. To prevail on a claim for violation of Section 632, Plaintiff must prove, in addition to other elements, that HSBC "intentionally" recorded Plaintiff's purported confidential communications. However, the undisputed fact is that HSBC did not intend to record Plaintiff's personal (and purportedly "confidential") communications.  The recordings were merely incidental and caused by A. Rojas' improper use of HSBC's company phone.

Second, to prevail on the Second Cause of Action for violation of Section 632.7, Plaintiff must prove, in addition to other elements, both of the following:  (1) that HSBC "intentionally" recorded Plaintiff's calls; and (2) that HSBC "intercepted" or "received" the calls without Plaintiff's consent.  Plaintiff's failure to establish either of these elements defeats her claim.  Again, the undisputed fact is that the recordings at issue were merely incidental, not intentional.  In addition, because Plaintiff voluntarily engaged in communications with A. Rojas knowing that A.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51972301

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   Rojas was placing the calls from HSBC's company phone, HSBC did not "intercept" or "receive"

2   the calls without Plaintiff's consent.

3       <u>Third</u>, HSBC prevails on its Tenth Affirmative Defense for violation of due process as a

4   matter of fact and law.  Plaintiff seeks statutory damages in excess of $1.5 million from HSBC for

5   HSBC's purported violation of CIPA.  CIPA's statutory penalties violate due process under these

6   circumstances because cumulative statutory penalties are unreasonable and oppressive.  <u>See</u> <u>Hale v.</u>

7   <u>Morgan</u>, 22 Cal. 3d 388, 398 (1978); <u>Starbucks Corp. v. Super. Ct.</u>, 168 Cal. App. 4th 1436, 1448

8   (2008).  Here, statutory penalties would produce a windfall to Plaintiff that is wholly

9   disproportionate to HSBC's conduct.

10       <u>Fourth</u>, summary adjudication pursuant to Code of Civil Procedure Section 437c(t) is

11   appropriate to limit the amount of damages sought by Plaintiff.  As a matter of law, damages

12   allowable under CIPA, Section 637.2, are limited to $5,000 <u>per action</u>, not $5,000 per alleged call

13   recording as Plaintiff suggests.

14       For each of these reasons, as detailed below, Plaintiff's claims fail based on the undisputed

15   material facts and as a matter of law, and summary judgment should enter in favor of HSBC.

16   **II.**    **THE UNDISPUTED FACTS**

17       **A.**    <u>**Allegations of the First Amended Complaint**</u>

18       Plaintiff alleges that, from March 23, 2009 through May 1, 2012 (the "Relevant Time

19   Period"), HSBC called her, engaged in confidential communications and recorded those

20   conversations without Plaintiff's consent.  (First Amended Complaint ("FAC") ¶ 29.)  Based upon

21   these allegations, Plaintiff asserts two causes of action against the HSBC for:  (1) violation of

22   CIPA, Section 632 (Count I), which prohibits one party to a telephone call from intentionally

23   recording a confidential communication without the knowledge or consent of the other party; and

24   (2) violation of CIPA, Section 632.7 (Count II), which prohibits the intentional recording of a

25   communication with a cellular or cordless telephone.  (FAC ¶ 33, 39.)  Plaintiff alleges that

26   defendant Capital One Financial Corporation ("Capital One") is liable as the successor-in-interest

27   to Card Services.  (<u>See</u> <u>generally</u>, FAC.)  Plaintiff seeks statutory damages in the amount of $5,000

28

per alleged violation. (FAC, Prayer for Relief; see also Declaration of Shannon E. Dudic ("Dudic Decl.") ¶ 7, Ex. 12 at p. 29 (Plaintiff's Interrogatory Responses).)

On September 29, 2014, HSBC filed its Answer and Affirmative Defenses denying Plaintiff's allegations and asserting, among other defenses, the Tenth Affirmative Defense of violation of due process.  (Answer ¶ 10.)

**B.   HSBC Records Calls In The Ordinary Course Of Business For Quality Assurance and Business Purposes.**

During the Relevant Time Period, Card Services and Tech Services provided administrative and processing services for HSBC's credit card business. (Dudic Decl. ¶¶ 3, 6, Ex. 1 (Deposition of Marilou Sullivan ("Sullivan Depo."), 20:2-22:9); see also Ex. 2 (Deposition of Alejandra Rojas ("A. Rojas Depo."), 22:11-23:11, 25:5-24, 40:19-41:7, 42:16-43:14).)   Tech Services' also provided back-end technical support for Card Services, including with regard to the hardware and software that recorded calls.  (Dudic Decl. ¶ 4, Ex. 3 (Deposition of Todd Folkes ("Folkes Depo."), 72:23-74:14).)  Specifically, Tech Services utilized two call recording systems – a part-time recording system and a full-time recording system.  (Dudic Decl. ¶ 4, Ex. 3 (Folkes Depo., 49:21-51:16).)  The part-time recording system recorded calls for customer-service and quality-control purposes.  (Id.)  Card Services' quality-control supervisors reviewed a random sample of the part-time recordings in order to grade employees' performance.  (Dudic Decl. ¶¶ 3, 6, Ex. 1 (Sullivan Depo., 76:24-78:22); see also Ex. 2 (A. Rojas Depo., 24:11-25:1, 27:22-28:2, 44:15-45:25, 46:19-21).)  The full-time recording system recorded calls for a variety of business and compliance purposes, such as to maintain disputes calls for potential future legal action or sales calls for evidence that a customer actually agreed to certain purchases.  (Dudic Decl. ¶¶ 4, 5, Ex. 3 (Folkes Depo., 49:21-51:16) & Ex. 4 (Deposition of James Rogers ("Rogers Depo."), 12:8-15, 72:13-73:21).)

**C.   Card Services Disclosed To Employees That Calls Would Be Recorded.**

HSBC disclosed to employees, including A. Rojas, that their calls at work could be recorded.  (Dudic Decl. ¶ 6, Ex. 1 (Sullivan Depo., 78:23-79:13, 91:23-92:22, 123:19-124:17).)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51972301

Upon hiring, A. Rojas signed a "Telephone Monitoring and Recording" agreement, which states in pertinent part:

> Household periodically monitors certain business telephone conversations to provide training and feedback to employees, and ensure compliance and quality service to our customers. In order to monitor calls, all calls may be recorded . . .
>
> Household requires that employees be made aware of the following:
>
> 1.    You are advised that your telephone conversation will, at times, be monitored and/or recorded without prior notification.
>
> 2.    All monitoring and recording is done through the use of an extension phone, or other means supplied by a common carrier.

(Dudic Decl. ¶ 3, Ex. 2 (A. Rojas Depo., 53:6-15 ) & Ex. 6 ("Telephone Monitoring and Recording" agreement).)

In addition, during the Relevant Time Period, HSBC employees, including A. Rojas, had access to the then-current policies and procedures through an internal HSBC website, including the "Electronic Monitoring and Device Use" policy. (Declaration of Kathleen Tinajero ("Tinajero Decl.") ¶¶ 4-5.) As of April 23, 2009, HSBC's then-current "Electronic Monitoring and Device Use" policy stated, in pertinent part:

> In order to provide training and feedback, as well as ensure compliance and quality service to our customers, the Company periodically monitors and/or records certain employee telephone conversations. Employees must be notified of telephone monitoring and monitoring must only be used for business purposes . . .
>
> **Applies to**
>
> This policies applies to all full-time and part-time employees when using Company electronic resources, including but not limited to telephones . . .
>
> **Electronic Resources Policy Summary**
>
> The Company's electronic resources are provided for the benefit of the Company and its customers, vendors, and suppliers. These resources are to be used, monitored, and reviewed solely for Company business, except as otherwise provided in this policy.

HSBC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

LA 51972301

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Employees may use Company electronic resources for occasional non-work purposes as long as such does not interfere with their work, the work of other employee, or operation of the Company's electronic resources. However, at no time do employees have a right of privacy as to any information or files stored or maintained on Company property or transmitted or stored through the Company's telephone, computer, voicemail, or e-mail systems . . .

All employees must sign the Electronic Monitoring Agreement to insure that they acknowledge receipt of this policy and consent to Company monitoring of their use of Company electronic resources.

**Telephone Monitoring/Recording Guidelines**

The following is a list of policy guidelines:

- employee conversations will be monitored for legitimate business purposes
- personal calls may be recorded, but should never be monitored; if you identify a personal call in the course of monitoring an employee, the monitoring should be discontinued immediately
- telephone conversations may be recorded for use in monitoring at a later time; recorded calls are destroyed on a regular basis
- when permitted by state laws, violations of company policies or applicable laws detected during monitoring may be grounds for disciplinary action, up to and including terminations[]
- Monitoring is done through the use of extension telephone or other means supplied by a common carrier
- All new employees must sign the Electronic Monitoring Agreement, even if their positions are not currently subject to telephone monitoring . . .

(Tinajero Decl. ¶ 5 & Ex. 7.)  The "Electronic Monitoring and Device Use" policy as of March 1, 2011 is substantively identical to the policy in effect in 2009.[1]  (Tinajero Decl. ¶ 5 & Ex. 8.)

**D.    Recordings Of Telephone Calls Between A. Rojas And Plaintiff**

Plaintiff's daughter, A. Rojas, was an employee of Card Services from October 2003 through April 2012.  (Sullivan Decl. ¶ 4; Dudic Decl. ¶ 3, Ex. 2 (A. Rojas Depo., 20:25-21:3, 22:3-7); Ex. 9 (A. Rojas Employment History).)  While employed by Card Services, A. Rojas used her company phone to place non-work related calls to her mother (Plaintiff).  (Dudic Decl., ¶¶ 2-3, Ex. 2 (A. Rojas Depo., 59:5-12) & Ex. 5 (Deposition of Dalia Rojas ("Dalia Depo."), 35:21-23).)

---

[1] Although not material to the present Motion, HSBC also implemented policies and procedures that required employees to disclose to third parties that their calls "may be monitored and/or recorded" and discontinue the call if the third party did not want the call recorded.  (Dudic Decl. ¶ 6, Ex. 1 (Sullivan Depo. 134:11-137:5) & Ex. 10 (Recording Disclosure to Third Parties).)

-5-

Plaintiff knew that A. Rojas placed the calls from HSBC's company phone and voluntarily engaged in those calls.  (Id.)  Indeed, both Plaintiff and A. Rojas testified that their typical practice was for Plaintiff to call A. Rojas' cell phone and A. Rojas to return the call using her work phone:

> Q.  At what number did you call?
> A.  I will call her cell phone and then she will call me back from the company's phone.  I will either leave a message and she will get it, and then she will call me from the company phone.

(Dudic Decl. ¶ 2, Ex. 5 (Dalia Depo., 35:21-23).)

> Q.  Did your mother often call your cell phone while you were at work?
> A.  Yes.
> Q.  And would you pick up your cell phone while you were at work?
> A.  No.
> Q.  What would you do?
> A.  I would ignore it and then call from the work phone.

(Dudic Decl. ¶ 3, Ex. 2 (A. Rojas Depo., 59:5-12).)  Alexandra could have taken a break from work to use her cell phone to call Plaintiff, but chose not to.  (Dudic Decl. ¶ 3, Ex. 2 (A. Rojas Depo., 59:16-20).)

HSBC, with the assistance of Capital One, located 317 recordings of telephone conversations involving Plaintiff during the Relevant Time Period (the "Recordings").  (Dudic Decl. ¶¶ 4-5, Ex. 3 (Folkes Depo. 87:8-88:9) & Ex. 4 (Rogers Depo., 15:3-15; 16:4-17:16, 55:4-56:20, 58:7-12, 64:11-71:25, 74:5-76:24, 77:20-78:19, 81:23-82:6, 85:13-86:10) & Ex. 11).)  All of the Recordings, except one, involve telephone conversations between Plaintiff and A. Rojas.[2]  (Dudic Decl. ¶ 5, Ex. 4 (Rogers Depo., 55:4-56:1, 58:7-12, 85:13-86:10), Ex. 5 (Dalia Depo. 64:6-12, 65:17-22, 66:22-67:2, 69:18-23, 70:24-71:4, 71:22-72:2); Declaration of Daniel Boisson ("Boisson Decl."), Exs. 13 & 14.)  One of the Recordings involves a telephone conversation between Plaintiff and another HSBC employee.  (Dudic Decl. ¶¶ 8-9, Boisson Decl. ¶ 3, Exs. 13

---

[2] Due to the volume and for efficiency, HSBC submits with this Motion a sampling of transcriptions and translations of the 317 Recordings.

-6-

LA 51972301

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  (HSBC0000478) & 14.)  As confirmed by the Recordings, the Recordings involve topics that do

2  not pertain to HSBC's business.  (Boisson Decl. ¶ 3, Ex. 13 & 14.)

3  **III.   ARGUMENT**

4      **A.   Standard On Summary Judgment**

5      Summary judgment is proper "if all the papers submitted show that there is no issue as to

6  any material fact and that the moving party is entitled to a judgment as a matter of law." Cal. Civ.

7  Proc. Code § 437c.  To prevail on a motion for summary judgment, defendant need only show that

8  the plaintiff is unable to establish one or more elements of the cause of action or that there is a

9  complete defense to that cause of action. Aguilar v. Atlantic Richfield Co., 25 Cal. 4th 826, 853-54

10  (2001) (citing Cal. Civ. Proc. Code § 437c(o)).  Once "the defendant . . . has met that burden, the

11  burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as

12  to that cause of action or a defense thereto." Aguilar, 25 Cal. 4th at 849.  In meeting this burden,

13  "plaintiff . . . may not rely upon the mere allegations or denials of [her] pleadings to show that a

14  triable issue of material fact exists but, instead, must set forth the specific facts showing that a

15  triable issue of material fact exists as to that cause of action or a defense thereto." Id.  Nor may a

16  plaintiff avoid summary judgment "based on mere speculation and conjecture." Compton v. City of

17  Santee, 12 Cal. App. 4th 591, 595-96 (1993).

18      **B.   Plaintiff's First Cause Of Action For Violation Of Section 632 Fails As A**

19          **Matter Of Fact And Law.**

20      To establish that HSBC violated Section 632, Plaintiff must prove, among other elements,

21  that HSBC "intentionally" recorded Plaintiff's telephone conversations. See Cal. Pen. Code § 632;

22  Flanagan v. Flanagan, 27 Cal. 4th 766, 769 (2002).  "[T]he recording of a confidential conversation

23  is intentional if the person using the recording equipment does so with the purpose or desire of

24  recording a confidential conversation, or with the knowledge to a substantial certainty that his use

25  of the equipment will result in the recordation of a confidential conversation." Marich v.

26  MGM/UA Telecomms., Inc., 113 Cal. App. 4th 415, 421 (2003) (quoting People v. Super. Ct.

27  (Smith ), 70 Cal. 2d 123, 134 (1969)).

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-7-

LA 51972301

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    In People v. Superior Court of Los Angeles County (Smith), 70 Cal. 2d 123 (1969), the

2  Supreme Court interpreted "intentional" under CIPA.  In Smith, the State sought a writ of mandate

3  commanding the trial court to annul an order suppressing evidence allegedly obtained in violation

4  of former Penal Code Section 653j (now Section 632).  Id. at 125.  Defendant had hired a private

5  investigator to install voice-activated recording equipment to tape record conversations in

6  defendant's offices in order to catch an internal "leak."  Id. at 126.  The investigator left the

7  recording equipment on for testing purposes.  Unknown to defendant, the recording equipment

8  recorded several confidential conversations between defendant and business associates that the

9  investigator later turned over to the prosecutor to use as evidence in the criminal action against

10  defendant.  Defendant argued that the recordings violated Section 632 and should be suppressed

11  because the act of putting the recording equipment in operation satisfied the statute's "intentional"

12  requirement.  Id. at 132.  The California Supreme Court disagreed, reasoning that the word

13  intentionally "must be read in relation to the entire substance of the statute . . . Fairly read, the

14  statute does not isolate the actor's intent from the object to which it is directed, namely the

15  confidential communication . . . ." Id. at 133.  Separating the intent from the confidentiality of the

16  communication "would produce results at once unreasonable and inconsistent with legislative

17  purpose." Id. at 132.  In other words, if there was no actual intent to record the particular

18  conversation, the recordings would not violate Section 632.  Id. at 135.

19    As in Smith, the mere act of HSBC installing a recording device on A. Rojas' company

20  phone does not satisfy the "intentional" requirement of Section 632.  The undisputed facts show

21  that HSBC intended only to record employees' calls for quality monitoring and business-

22  compliance purposes and not for the purpose of recording personal calls between Plaintiff and her

23  daughter A. Rojas. (Dudic Decl. ¶¶ 4-6, Ex. 3 (Folkes Depo., 49:21-51:16) & Ex. 4 (Rogers Depo.,

24  12:8-15, 72:13-73:21).)  Moreover, HSBC did not expect its employees to engage in personal calls

25  involving confidential conversations on company telephones.  A. Rojas was informed and agreed

26  that her calls may be recorded and that there was no right to privacy as to any information

27  exchanged using an HSBC telephone. (Dudic Decl. ¶¶ 3, 6, Ex. 2 (A. Rojas Depo., 53:6-15), Ex. 1

28

1   (Sullivan Depo., 78:23-79:13, 91:23-92:22, 123:19-124:17) & Ex. 6; Tinajera Decl. ¶¶ 4-5 & Exs.

2   7 & 8.)

3       Because HSBC did not "intend" to record Plaintiff's purportedly confidential

4   communications, Plaintiff's First Cause of Action for violation of Section 632 is defeated as a

5   matter of fact and law.

6   **C.**    **Plaintiff's Second Cause Of Action For Violation Of Section 637.2 Fails As A**

7       **Matter Of Fact And Law.**

8       Section 632.7 makes it unlawful to record telephone calls involving a cellular or cordless

9   telephone:

> Every person who, without the consent of all parties to
> a communication, intercepts or receives and
> intentionally records, or assists in the interception or
> reception and intentional recordation of, a
> communication transmitted between two cellular radio
> telephones, a cellular radio telephone and a landline
> telephone, two cordless telephones, a cordless
> telephone and a landline telephone, or a cordless
> telephone and a cellular radio telephone, shall be
> punished

16   Cal. Pen. Code § 632.7. Accordingly, to prevail at trial, Plaintiff must prove, among other

17   elements, <u>each</u> of the following: (1) the recordings were "intentional"; <u>and</u> (2) HSBC intercepted

18   or received the calls without Plaintiff's consent. <u>See</u> Cal. Pen. Code § 632.7. For the reasons

19   discussed above, Plaintiff cannot establish the element of "intentional" recording. For this reason

20   alone, the Second Cause of Action is defeated. In addition, Plaintiff cannot establish the requisite

21   element of unconsented interception or receipt of the calls at issue. The failure to prove either

22   element is fatal to Plaintiff's Section 632.7 claim.

23       When construing the meaning of a statute, a court's "fundamental task is to ascertain the

24   intent of the lawmakers so as to effectuate the purpose of the statute." <u>Estate of Griswold</u>, 25 Cal.

25   4th 904, 910-11 (2001). Importantly, a court should give the provision a reasonable and common

26   sense interpretation consistent with its apparent purpose, which will result in wise policy rather

27   than mischief or absurdity. <u>Tucker Land Co. v. State of California</u>, 94 Cal. App. 4th 1191, 1197

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

HSBC'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
SUMMARY ADJUDICATION

LA 51972301

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   (2001).  If possible, a court should also give significance to every word or part by considering

2   every clause and in the context of the whole.  Id.  A court should also consider context, legislation

3   on the same subject, public policy and contemporaneous construction.  Id.  Here, the intent of

4   lawmakers and plain language of Section 632.7 make it absolutely clear that a violation of Section

5   632.7 requires proof of the unconsented interception or receipt of a telephone call.

6   In 1967, the Legislature enacted CIPA Section 632 to address the intentional use of

7   electronic devices to eavesdrop on and/or record telephone communications without consent.

8   Section 632 provides:

> Every person who, intentionally and without the
> consent of all parties to a confidential communication,
> by means of any electronic amplifying or recording
> device, eavesdrops upon or records the confidential
> communication, whether the communication is carried
> on among the parties in the presence of one another or
> by means of a telegraph, telephone, or other device,
> except a radio, shall be punished . . . .

Cal. Pen. Code § 632.

In 1985 and 1990, with the advent of cellular and cordless telephones, California enacted

CIPA Sections 632.5 and 632.6.  Section 632.5 states:

> Every person who, maliciously and without the
> consent of all parties to the communication, intercepts,
> receives, or assists in intercepting or receiving a
> communication transmitted between cellular radio
> telephones or between any cellular radio telephone
> and a landline telephone shall be punished . . . .

Cal. Pen. Code § 632.5.  Section 632.6 tracks the language of Section 632.5, except that it refers to

cordless telephones.  The Legislature explained that these statutes are focused on unwanted third

party interception.  Sect. 1 and 2 of Stats. 1985, c. 909 ("[The] act [was] intended to provide legal

recourse to those persons whose private cellular radio telephone communications have been

maliciously invaded by persons not intended to receive such communications."); Sect. 2 of Stats.

1990 c. 696 (AB 3457) ("[The] act is intended to provide a legal recourse to those persons whose

-10-

LA 51972301

1   cordless telephone communications have been maliciously invaded by persons not intended to

2   receive those communications.")

3          Thereafter, the Legislature enacted Section 632.7 – the statute at issue here – to prohibit

4   third parties who had improperly intercepted or received wireless calls from recording those calls.

5   Section 632.7 differs from Sections 632.5 and 632.6 in that it does not require "malicious"

6   interception or receipt of wireless calls, but instead requires "intentional" recording.  However,

7   Section 632.7 continues to require the "unconsented" interception or receipt of those calls.

8          Recent case law confirms that proof of an unconsented interception or receipt of a call is

9   essential to proof of a Section 632.7 claim.  Most recently, on December 2, 2015, the Los Angeles

10  County Superior Court considered this requirement in <u>Yevgeniya Granina v. Eddie Bauer, LLC</u>,

11  Case No. BC 569111, Order Sustaining Demurrer and Denying Motion to Strike (Super. Ct. L.A.)

12  (slip op.).  In <u>Granina</u>, plaintiff alleged that she used her cellular telephone to call Eddie Bauer's

13  toll-free number and disclosed private information to the Eddie Bauer representatives.  <u>Id.</u> at 1.

14  The court sustained Eddie Bauer's demurrer on the grounds that plaintiff failed to allege that,

15  without her consent, Eddie Bauer both received and intentionally recorded her call.  <u>Id.</u> at 2.

16  Specifically, because plaintiff alleged that she initiated the calls, she admitted that Eddie Bauer

17  received the communications with her consent.  <u>Id.</u>

18         In so holding, the court engaged in statutory construction of CIPA and determined that,

19  under the plain language of Section 632.7, "a person may not be punished unless he or she engages

20  in both the unconsented receipt and the intentional unconsented recording of a telephone call."  <u>Id.</u>

21  at 5.  The court's reasoning is instructive here:

22          The phrase "without the consent of all parties," which precedes all
            verbs in the sentence, necessarily modifies all succeeding verbs
23          (intercept, receive and record).  The conjunction "or" between
            "intercepts" and "receives" means the statute applies to any person
24          who engages in either form of conduct without consent.  The
            conjunction "and" means that violation of the statute requires two
25          discrete activities: (1) an unlawful interception or receipt and (2)
            an intentional recording.  There is no ambiguity in this language.
26

27          There is no doubt that, beginning with its enactment of Section
            632.5, the Legislature has been focused on the problem of
28

-11-

LA 51972301

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

intercepted wireless telephone calls, and that Sections 632.5, 632.6 and 632.7 reflect its efforts to protect them from eavesdropping and recording. These provisions broadly define "interception" to encompass any "receipt" of a wireless call. They also broadly prohibit "every person" from maliciously eavesdropping on wireless telephone calls.  As a result, they are reasonably susceptible of permitting prosecution of a party to a wireless communication along with third parties who, unbeknownst to the parties, intercept or receive the communication.

However, it is difficult to conceive how, in practice, the State would enforce these provisions against a party to the wireless communication. Because speech is a voluntary process, it is difficult to imagine how someone talking to [a] known party via wireless telephone could fail to consent to that party's receipt of the communication.

Id.

Similarly, plaintiff's claims in Young v. Hilton Worldwide, Inc., No. 2:12-CV-01788-R-PJWX, 2014 WL 3434117, at *1 (C.D. Cal. July 11, 2014) were defeated as a matter of law on a motion for judgment on the pleadings because there was no unconsented interception or reception of the calls at issue.  There, plaintiff alleged that Hilton improperly recorded his phone calls to a customer service representative.  Id.  The court explained that these calls did not come within the purview of Section 632.7 because "[t]he statutory scheme makes it clear that [Section 632.7] refer[s] to the actual interception or reception of these radio signals by third parties and do[es] not restrict the parties to a call from recording those calls."  In addition, "to any extent that Hilton received such calls, it had the consent from the caller." Id.  at 2.

As in Granina and Young, Plaintiff here cannot establish unconsented interception or receipt of the calls by HSBC.  Plaintiff voluntarily engaged in communications with A. Rojas while A. Rojas was using her company phone.  (Dudic Decl., ¶¶ 2-3, Ex. 5 (Dalia Depo., 35:15-18) & Ex. 2 (A. Rojas Depo., 59:5-12).)  Plaintiff was aware that A. Rojas placed the calls from HSBC's company phones.  (Id.)  Indeed, Plaintiff and A. Rojas' practice was that Plaintiff would call A. Rojas' cell phone and A. Rojas would return the call using her work phone.  (Id.)  Moreover, A. Rojas placed the calls to Plaintiff and, thus, Plaintiff (not HSBC) was the recipient of the calls.

LA 51972301

(Id.)  On these undisputed facts, Plaintiff's calls were not "intercepted" or "received" by HSBC without Plaintiff's consent.

Because Plaintiff cannot prove two of the elements essential to her Section 632.7 claim, the Second Cause of Action fails.

### D.    HSBC's Tenth Affirmative Defense Of Due Process Violation Prevails As A Matter Of Fact And Law.

Summary judgment is appropriate where, as here, an affirmative defense defeats Plaintiff's claims.  Cal. Civ. Proc. § 437c(p)(2).[3]  HSBC's Tenth Affirmative Defense for violation of due process defeats Plaintiff's First and Second Causes of Action as a matter of fact and law. California Penal Code section 637.2 provides that "[a]ny person who has been injured by a violation of [CIPA] may bring an action against the person who committed the violation for the greater of the following amounts:  (1) Five thousand dollars ($5,000) [or] (2) Three times the amount of actual damages, if any, sustained by the plaintiff."  Here, Plaintiff seeks to aggregate statutory penalties in the amount of $5,000 per alleged call recording (i.e., $5,000 multiplied by the 317 purportedly improper call recordings).  (FAC at ¶¶ 42-43.)  Under these circumstances, CIPA's statutory penalties violate HSBC's right to constitutional due process.

Despite a state's broad discretion to enact law and impose penalties, those penalties must be reasonable in order to comply with due process under the United States and California Constitutions.  Hale, 22 Cal. 3d at 398-99.  Statutes, of course, can be unconstitutional in particular applications without being unconstitutional on their face.  See People v. Wingo, 14 Cal. 3d 169, 180 (1975); In re Spinks, 253 Cal. App. 2d 748, 751 (1967).

The reasoning of the California Supreme Court in Hale is compelling here.  There, the California Supreme Court struck down $17,300 in statutory fines awarded against a landlord under California Code of Civil Procedure Section 789.3, concluding that the penalty amount violated due

---

[3] To the extent HSBC's Tenth Affirmative Defense does not resolve this action in its entirety, HSBC moves for summary adjudication on this ground pursuant to Section 437c(t) of the Code of Civil Procedure.  As set forth in the concurrently filed Declaration of Shannon E. Dudic, Plaintiff has not yet responded regarding whether she will stipulate that the Court shall hear this motion. HSBC submits that resolution of the Motion on this ground will further the interest of judicial economy by decreasing trial time or significantly increasing the likelihood of settlement.

LA 51972301

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  process. Hale, 22 Cal. 3d at 405. The facts were far more egregious than here -- the defendant

2  landlord had stopped providing utilities to a delinquent tenant, which subjected the landlord to

3  actual damages and a statutory penalty of $100 per day for each day he deprived the tenant of

4  service. Id. at 399. The Court nonetheless found the penalty amount unconstitutional:

5         In summary, operation of the penalty provided by section 789.3 is
       mandatory, mechanical, potentially limitless in its effect regardless of

6       circumstance, and capable of serious abuse. Its severity appears to
       exceed that of sanctions imposed for other more serious civil

7       violations in California and for similar prohibited acts in other
       jurisdictions. For all of the foregoing reasons in combination, we

8       hold that section 789.3 may, under circumstances such as those
       herein presented, produce constitutionally excessive penalties.

9

10  Id. at 404.

11         Multiple other cases have relied on Hale to challenge cumulative statutory penalties where

12  the damages would be unreasonable and oppressive. For example, in Starbucks Corp., 168 Cal.

13  App. 4th at 1448, the Court of Appeal avoided unconstitutionality by interpreting a statute as not

14  permitting statutory damages against Starbucks (at $200 per violation). There, plaintiffs asserted

15  that they, and a class of similarly situated individuals, were entitled to receive $200 each as a

16  statutory penalty for completing an application that violates Labor Code section 432.7. The Court

17  of Appeal disagreed and summary judgment was entered in favor of Starbucks. The Court of

18  Appeal reasoned that plaintiffs' requested damages "would produce the absurd result of turning the

19  statute into the veritable 'adding machine' that has been decried by our Supreme Court." Id. at

20  1451 (citing Hale, 22 Cal. 3d at 402); see also Kinney v. Vaccari, 27 Cal. 3d 348, 358 (1980)

21  (holding that multiplying statutory damages by the number of tenants who resided in a unit, for

22  violating statute by turning off utilities, would violate due process under Hale: "Even where the

23  landlord's conduct is as reprehensible as that of the defendants here, such a large penal sanction

24  would be unreasonably severe."); Balmoral Hotel Tenants Ass'n v. Lee, 226 Cal. App. 3d 686, 695

25  (1990) (invalidating trebling of damages for wrongful eviction because it was too arbitrary and

26  would produce a windfall for plaintiffs "offensive to the policy of equal justice"); Universal City

27  Studios, Inc. v. Workers' Comp. Appeals Bd., 99 Cal. App. 3d 647, 651, 659 (1979) (striking down

28  workers' compensation "permanent disability" award of $22,260 for a sprained ankle, calculated

-14-

LA 51972301

1   based on statutory requirements, was "so disproportionate to the disability and the objectives of

2   reasonably compensating an injured worker as to be fundamentally unfair"); <u>Walsh v. Kirby</u>, 13

3   Cal. 3d 95, 104, 106 (1974) (striking down cumulative statutory penalties based on due process

4   where store's alleged misconduct was knowingly allowed to continue before store was notifying of

5   alleged violations).

6          In the instant action, by seeking to aggregate penalties on a per call basis, Plaintiff seeks a

7   windfall violative of due process.  Aggregating penalties at $5,000 per violation here could result in

8   more than $1.5 million in penalties against HSBC (i.e., 317 calls multiplied by $5,000 per call).

9   That outcome clearly defeats the legislative purpose of the statute, which was enacted to penalize

10  eavesdroppers and other bad actors, not to punish a business for the inadvertent recording of an

11  employee's personal calls.

12         Tellingly, criminal penalties for violations of Section 632 and 632.7 are far less than the

13  $5,000 per call sought by Plaintiff.  Both Sections 632 and 632.7 limit criminal penalties to $2,500

14  total or $10,000 total for repeat offenses:

15              Every person who [violates this Section] shall be punished by a
                fine not exceeding two thousand five hundred dollars ($2,500), or
16              imprisonment in the county jail not exceeding one year, or in the
                state prison, or by both that fine and imprisonment. If the person
17              has previously been convicted of a violation of this section or
                Section 631, [632,] 632.5, 632.6, 632.7, or 636, the person shall be
18              punished by a fine not exceeding ten thousand dollars ($10,000),
                by imprisonment in the county jail not exceeding one year, or in
19              the state prison, or by both that fine and imprisonment.

20

21  Cal. Pen. Code §§ 632(a), 632.7(a).  This vast discrepancy between the criminal penalties and the

22  civil penalties sought by Plaintiff presents precisely the situation found to violate due process under

23  <u>Hale</u>.

24         Accordingly, the statute, as applied here, violates due process and cannot be enforced.

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-15-

LA 51972301

**E.   In the Alternative, HSBC Is Entitled To Summary Adjudication Limiting Plaintiff's Statutory Damages To $5,000 Per Action, Not Per Call Recording.[4]**

Section 637.2 nowhere provides for statutory damages per violation or per recorded call. Rather, the statute itself provides that "[a]ny person who has been injured by a violation of [CIPA] may bring an action against the person who committed the violation for the greater of the following amounts:  (1) Five thousand dollars ($5,000)[;] or (2) Three times the amount of actual damages, if any, sustained by the plaintiff." Cal. Pen. Code. § 637.2(a) (emphasis added.).  The statute does not state that a person bringing an action under CIPA can obtain $5,000 per violation.  Rather, the phrase "for the greater of the following amounts" modifies "an action" and provides that a plaintiff may only seek up to $5,000 per action.  See Busching v. Super. Ct., 12 Cal. 3d 44, 52 (1974) (stating that ordinary rules of grammar must be applied to interpret a statute unless they lead to an absurd result).

Confirming this conclusion, the language of Section 637.2 differs from numerous other statutes which specifically provide for penalties for "each violation", including the following:

- Cal. Civil Code § 52( a) (penalty for discrimination by businesses: "for each and every offense");

- Cal. Gov't. Code § 12651(a) ("A person who commits any of the following enumerated acts . . . shall be liable . . . for a civil penalty of not less than five thousand five hundred dollars ($5,500) and not more than eleven thousand dollars ($11,000) for each violation");

- Cal. Labor Code § 6505.5(b)(3) ("A civil penalty of not more than two thousand dollars ($2,000) for each violation, to be imposed pursuant to the procedures set forth in Sections 6317, 6318, and 6319.");

---

[4] HSBC moves for summary adjudication on this ground pursuant to Section 437c(t) of the Code of Civil Procedure.  As set forth in the concurrently filed Declaration of Shannon E. Dudic, Plaintiff has not yet responded regarding whether she will stipulate that the Court shall hear the motion on this ground.  HSBC submits that resolution of the Motion on this ground will further the interest of judicial economy by decreasing trial time or significantly increasing the likelihood of settlement.

-16-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51972301

- Cal. Civ. Code § 1745.5(d) ("Any person who violates any provision of this title may also be liable for a civil penalty not to exceed one thousand dollars ($1,000) for each violation . . . .");

- Cal. Civ. Code § 1798.84(c) ("[A] customer may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation; otherwise, the customer may recover a civil penalty of up to five hundred dollars ($500) per violation for a violation of Section 1798.83.");

- Cal. Pub. Util. Code § 2107 ("[A] penalty of not less than five hundred dollars ($500), nor more than fifty thousand dollars ($50,000) for each offense.");

- Cal. Bus. & Prof. Code § 17206(a) ("Any person who engages, has engaged, or proposes to engage in unfair competition shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action.");

- Cal. Bus. & Prof. Code § 17536(a) ("Any person who violates any provision of this chapter shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action . . . .");

- Cal. Pub. Util. Code § 2876 ("Any person violating this article . . . is subject to either or both of the following penalties: (a)  A fine of not to exceed five hundred dollars ($500) for each violation . . . .");

- Cal. Bus. & Prof. Code § 17538.45 ("[A]ny electronic mail service provider . . . may bring a civil action to recover the actual monetary loss suffered by that provider by reason of that violation, or liquidated damages of fifty dollars ($50) for each electronic mail message initiated or delivered in violation of this section, up to a maximum of twenty-five thousand dollars ($25,000) per day, whichever amount is greater.");

- Cal. Bus. & Prof. Code § 21672(a) ("Any person, or agent thereof, who violates this subdivision shall do both of the following: (1) Refund to the buyer the full amount

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

-17-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

paid . . .  (2) Be liable to the buyer for a civil penalty not to exceed five thousand dollars ($5,000) for each violation. Each card sold represents a separate and distinct violation.");

- Cal. Fin. Code § 4995.3(e) ("Any licensed person who willfully and knowingly violates any provision of this division shall be liable for a civil penalty of not more than ten thousand dollars ($1 0,000) for each violation."); and

- Cal. Ins. Code § 12693.32(d)(2) (". . . shall be assessed a civil penalty of five hundred dollars ($500) for each violation.").

As these statutes make absolutely clear, if the Legislature intended statutory damages under CIPA to be $5,000 "for each violation," the Legislature easily could have included such language in Section 637.2.  However, unlike the above-referenced statute, Section 637.2 only provides for statutory damages for each action.

This conclusion is consistent with the outcome before other trial courts.  For example, in Furman v. Station Casinos LLC, Case No. 56-2013-00446134-CU-BT-VTA (March 11, 2014), the Ventura County Superior Court held that Section 637.2 allows for statutory damages of $5,000 per action for each plaintiff, not per violation.  Similarly, in In re Sandoval, 341 B.R. 282 (Bankr. C.D. Cal. 2006), the court construed Section 593d, a parallel provision of the California Penal Code, to create a per action rather than per violation $5,000 minimum damages amount.  California Penal Code Section 593d prohibits unauthorized cable hookups and converter boxes and provides a civil remedy in language that is structurally identical to Section 637.2:

> Any person who violates this section shall be liable in a civil action
> . . . for the greater of the following amounts:
>
> (1) Five thousand dollars ($5,000).
>
> (2) Three times the amount of actual damages, if any, sustained by the plaintiff plus reasonable attorney's fees.

Cal. Pen. Code § 593d(f).  In Sandoval, the cable company argued that it was entitled to statutory damages of "at least $30,000" based on "at least six violations of § 593d."  In re Sandoval, 341 B.R. at 292.  Rejecting this argument, the court reasoned: "[Section] 593d(f) does not provide for

-18-

LA 51972301

1  $5,000 in statutory damages for each violation.  It only provides a single $5,000 liability for '[a]ny

2  person who violates this section . . . .'"  Id.

3       Based upon the plain language of Section 632.7, Plaintiff's potential recovery here is

4  limited to a total of $5,000.  Summary adjudication should issue confirming this limitation as to

5  Plaintiff's claims.

6  **IV.**    **CONCLUSION**

7       For the forgoing reasons, HSBC respectfully submits that the Court should grant the Motion

8  in its entirety and enter judgment in favor of HSBC.

9  Dated:  March 1,  2016            Respectfully Submitted,

10                  STROOCK & STROOCK & LAVAN LLP

11                  JULIA B. STRICKLAND
                 ALLAN S. COHEN

12                  SHANNON E. DUDIC

13                  By:

14                                            Shannon E. Dudic

15                  Attorneys for Defendants and Cross-Complainants

16                   HSBC CARD SERVICES INC., HSBC
                  TECHNOLOGY & SERVICES (USA) INC.,

17                   and CAPITAL ONE FINANCIAL
                  CORPORATION

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-19-

LA 51972301

# EXHIBIT B

1  LAW OFFICES OF DEBORAH L. RAYMOND
   Deborah L. Raymond, SBN 173528
2  445 Marine View Avenue, Suite 120
3  Del Mar, CA 92014

4  Tel#: (858) 481-9559

5

6  Attorney for DALIA ROJAS (Plaintiff)

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

               FOR THE COUNTY OF SAN DIEGO
10
               NORTH COUNTY DIVISION – UNLIMITED CIVIL
11

12

13  RON KEMPTON, an individual; KATHY          )  Case No.: 37-2014-00023795-CU-MC-NC
    KEMPTON, an individual; DALIA ROJAS,       )  Unlimited
14  an individual,                             )
                                               )  [Assigned to the Hon. Earl H. Maas,III]
15              Plaintiff,                      )
                                               )
16         vs.                                  )  **PLAINTIFF'S OPPOSITION TO THE**
                                               )  **MOTION OF DEFENDANTS AND**
17  CAPITAL ONE FINANCIAL                       )  **CROSS-DEFENDANTS  HSBC CARD**
    CORPORATION, as successor-in-interest )  **SERVICES INC. AND HSBC**
18  and assignee of HSBC Card & Retail          )  **TECHNOLOGY & SERVICES (USA) INC.**
    Services, Inc. a/k/a HSBC Card Services,   )  **FOR SUMMARY JUDGMENT OR, IN**
19  Inc., a Delaware Corporation; HSBC          )  **THE ALTERNATIVE, SUMMARY**
    CARD SERVICES INC., an entity of           )  **ADJUDICATION OF FIRST AMENDED**
20  unknown form; HSBC TECHNOLOGY &            )  **COMPLAINT**
21  SERVICES (USA) INC., a Delaware            )
    Corporation; Does 1 through 10, inclusive, )  **Hearing Date: July 29, 2016**
22                                             )  **Time: 1:30 p.m.**
                                               )  **Dept: N-28**
23              Defendant(s).                   )
                                               )
24  _____           )  Action Filed: July 14, 2014
                                               )  Trial Date: TBA
25  AND RELATED CROSS-COMPLAINT.              )
                                               )
26                                             )

27  ////

28

    _____
          PLAINTIFF'S OPPOSITION TO HSBC'S MOTION FOR SUMMARY JUDGMENT

                                        Case No. 37-2014-00023795-CU-MC-NC

Plaintiff DALIA ROJAS ("Plaintiff" or "Plaintiff Rojas") hereby submits the following Opposition to the Motion Of Defendants and Cross-Defendants  HSBC CARD SERVICES INC. ("HSBC CS") and HSBC TECHNOLOGY & SERVICES (USA) INC. ("HSBC Tech"), (collectively referred to as "HSBC") For Summary Judgment Or, In The Alternative, Summary Adjudication of First Amended Complaint ("HSBC's Motion").

## I.    ISSUES PRESENTED

1.  Does a triable issue of material fact exist as to whether HSBC "Intentionally" recorded Plaintiff's private personal telephone communications in violation of Cal. Penal Code §632?

2.   Does a triable issue of material fact exist as to whether HSBC "Intentionally" recorded Plaintiff's private personal telephone communications in violation of Cal. Penal Code §632.7?

3.  Does a triable issue of material fact exist as to whether HSBC "intercepted" or "received" Plaintiff's communications without her consent in violation of Cal. Penal Code §632.7?

On the grounds set forth herein, the answer to each of these questions must be "yes", and HSBC's Motion must be denied.

## II.    INTRODUCTION

Contrary to Defendants' assertions, this case arises from HSBC's intentional recording of Plaintiff's confidential personal telephone communications without Plaintiff's knowledge or consent.  After searching HSBC's full-time recording database, Defendants produced recordings of over 300 secretly recorded personal telephone communications between Plaintiff and two employees of defendant HSBC CS. Plaintiff's daughter, Alejandra Rojas, was one of the employees and Plaintiff's friend was the other employee.  During the period of March 23, 2009 through May 1, 2012, Alejandra Rojas worked in the disputes unit at the Salinas, California office of HSBC ("HSBC Salinas").

Defendants located 317 secretly recorded telephone conversations involving Plaintiff from a search of the full time recording data base.  The recordings were of

-1-

PLAINTIFF'S OPPOSITION TO HSBC'S MOTION FOR SUMMARY JUDGMENT

Case No. 37-2014-00023795-CU-MC-NC

telephone calls made to Plaintiff from HSBC's company telephones at HSBC Salinas. HSBC admits that it recorded telephone calls on purpose, not by accident. Moreover, within the full time recording environment, HSBC admits to knowing that they were recording every phone call.

It is undisputed that the recorded communications were not work or account related, and were personal in nature. Plaintiff did not consent and had no knowledge that HSBC, a third party interloper, was intercepting and recording her personal communications. Many of the secretly recorded communications contained details about private information relating to medical issues, including Plaintiff's battle with cancer, Plaintiff's intimate relationships, problems and concerns among Plaintiff's family members, care issues for minor children, and financial matters.

The company policy at HSBC allowed employees to use company telephones for personal use, as long as such use did not interfere with their work, the work of other employees, or operation of the Company's electronic resources. Although HSBC disclosed to employees that "personal calls may be recorded", HSBC had no company policy effectively informing or requiring employees who were making personal telephone calls on company telephones to inform the person being called that the telephone call was being recorded.

By way of summary judgment, HSBC attempts to defeat, as a matter of fact and as a matter of law, Plaintiff's cause of action for HSBC's violations of the California's Invasion of Privacy Act, Cal. Penal Code §§630 et seq. ("CIPA"). Plaintiff alleges that HSBC violated two sections of CIPA: First, HSBC violated Cal. Penal Code §632 by intentionally recording Plaintiff's confidential communications without her consent; and Second, HSBC violated Cal. Penal Code §632.7 by "intercepting" or "receiving" and intentionally recording Plaintiff's communications transmitted between Plaintiff's cellular or cordless telephone and HSBC's company telephone without her consent.

HSBC's claims that there are no triable issues of material fact as to whether HSBC intentionally recorded Plaintiff's purportedly confidential telephone communications and as to whether HSBC "intercepted" or "received" Plaintiff's communications without her consent are demonstratively without merit. As demonstrated herein, triable issues of material fact exists as to each of these issues.

-2-

Notwithstanding HSBC's withdrawal of all aspects of HSBC's Motion that concern damages and that do not completely dispose of a cause of action or affirmative defense, HSBC's claim that CIPA damages violate due process is pre-mature. As such, HSBC is not entitled to summary judgment and HSBC's Motion must be denied in its entirety.

## III.    THE UNDISPUTED FACTS

### A.  HSBC INTENTIONALLY RECORDED "EVERY" PHONE CALL

During the period of March 23, 2009 through May 1, 2012 (the "Relevant Time Period"), HSBC CS and HSBC Tech provided administrative and processing services for HSBC's credit card business. (HSBC's Undisputed Facts #2).  HSBC Tech also provided back-end technical support for HSBC CS, including with regard to the hardware and software that recorded calls.  (HSBC's Undisputed Facts #3).  HSBC Tech made sure recording stayed up and functioning and was involved in pretty much everything and anything regarding the recordings.  (Plaintiff's Undisputed Facts #1P).

HSBC used two different call recording systems – a part-time recording system and a full-time recording system. (HSBC's Undisputed Facts #4).  On or about May 1, 2012, HSBC transferred its call recording databases to Capital One Financial Corporation ("Capital One").  (HSBC's Undisputed Facts #20).  Capital One searched HSBC's full-time call recording database for telephone conversations involving Plaintiff that occurred during the Relevant Time Period and located 573 recordings, which a subset of 317 were specifically identified by HSBC to be recordings of Dalia Rojas (the 317 recordings shall be referred to as the "Recordings").  (HSBC's Undisputed Facts #20 and Plaintiff's Undisputed Facts #4P.).  All of the Recordings were full-time recordings. (Plaintiff's Undisputed Facts #5P.).

Full-time recordings were recorded absolutely on purpose, not by accident. (Plaintiff's Undisputed Facts #7P.).  With regard to full-time recording, HSBC intended and knew that they were recording every phone call. (Plaintiff's Undisputed Facts #6P). The intentional recording of "every phone call" included personal telephone calls. (HSBC's Undisputed Facts #s 12 and 13 and Plaintiff's Undisputed Facts #8P.).  HSBC knew that personal telephone calls were being made from company telephones

-3-

because HSBC's "Electronic Monitoring and Device Use" policy permitted employees to make personal telephone calls using company telephones. (HSBC's Undisputed Facts #s 12 and 13 and Plaintiff's Undisputed Facts #8P.). Moreover, HSBC knew that personal calls would be recorded, and in policies dated April 23, 2009 and March 1, 2011, HSBC specifically disclosed to employees that personal calls may be recorded. (HSBC's Undisputed Facts #s 12 and 13 and Plaintiff's Undisputed Facts #8P.). Plaintiff was never an employee of HSBC. (Plaintiff's Undisputed Facts #27P.)

All of the Recordings, except one, were of private personal telephone calls/communications between Plaintiff and Plaintiff's daughter, Alejandra Rojas . (HSBC's Undisputed Facts #21 and Plaintiff's Undisputed Facts #10P.). One of the recordings was of a private personal telephone call/communication between Plaintiff and a friend, who was an employee of HSBC. (HSBC's Undisputed Facts #22 and Plaintiff's Undisputed Facts #10P. and 12P.). All of the Recordings involved topics that were personal and/or private in nature, and did not pertain to HSBC's business. (HSBC's Undisputed Facts #23 and Plaintiff's Undisputed Facts #11P.).

## B. HSBC RECEIVED OR INTERCEPTED PLAINTIFF'S COMMUNICATIONS WITHOUT CONSENT

HSBC had no policy instructing or requiring HSBC employees to disclose during personal calls on company telephones that the call may be recorded. (HSBC's Undisputed Facts #s 10, 12, and 21 and Plaintiff's Undisputed Facts #s 13P., 14P., and 16P.). Many of the Recordings were of calls placed from HSBC's company phones to Plaintiff's cellular or cordless telephone. (HSBC's Undisputed Facts #s 51 and 52 and Plaintiff's Undisputed Facts #24P.).

None of the personal telephone calls made to Plaintiff from HSBC company telephones during the Relevant Period of Time contained a verbal advisory or warning that the call may be recorded by HSBC. (Plaintiff's Undisputed Facts #s 21P and 22P.). Plaintiff had no knowledge that her personal telephone conversations were being recorded by HSBC and never consented to HSBC intercepting, receiving, or recording her private personal communications with any employee of HSBC. (Plaintiff's Undisputed Facts #s 18P., 19P., and 20P.). HSBC, as a third party interloper, was not

-4-

known nor welcome as a party to Plaintiff's personal telephone conversations. (Plaintiff's Undisputed Facts #23P.).

### C. HSBC'S ILLEGAL INVASION OF PLAINTIFF'S PRIVACY HAS CAUSED SIGNIFICANT DISTRESS AND TRAUMATIC IMPACT

Many of HSBC's secretly recorded communications of Plaintiff contain details about private information relating to medical issues, including Plaintiff's battle with cancer, Plaintiff's intimate relationships, problems and concerns among Plaintiff's family members, care issues for minor children, and financial matters. (Plaintiff's Undisputed Facts #25P.). HSBC's invasion of Plaintiff's privacy has caused Plaintiff a lot of distress and has had a very traumatic impact on Plaintiff's life. (Plaintiff's Undisputed Facts #26P.).

### IV.   STARDARD ON SUMMARY JUDGMENT

Summary judgment is only proper when there are no triable issues of material fact and the defendant is entitled to judgment as a matter of law. *Kahn v. Eastside Union High School District*, 31 Cal. 4th 990, 1002 (2003). In ruling upon a motion for summary judgment, the Court must view the evidence in a light favorable to plaintiff as the non-moving party, liberally construe plaintiff's evidentiary submission while strictly scrutinizing defendant's own showing, and resolve any evidentiary doubt or ambiguities in plaintiff's favor. *Shin v. Ahn*, 42 Cal. 4th 482, 499 (2007); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1037 (2005); *Mann v. Cracchiolo*, 38 Cal. 3d 18, 35-36 (1985). The Supreme Court has cautioned that "[t]he summary judgment procedure, inasmuch as it denies the right of the adverse party to a trial, is drastic and should be used with caution. *Mann v. Cracchiolo, supra*, 38 Cal. 3d 35.

### V.   ARGUMENT

### A. TRIABLE ISSUES OF MATERIAL FACT EXISTS AS TO WHETHER HSBC "INTENTIONALLY" RECORDED IN VIOLATION OF SECTION 632

-5-

HSBC is correct that to establish violations of section 632, Plaintiff must prove that HSBC "intentionally" recorded Plaintiff's telephone conversations. *Cal. Penal Code* §632(a). If the undisputed facts do not outright prove that HSBC "intentionally" recorded Plaintiff's telephone conversations, at the very least, the undisputed facts give rise to triable issues of material fact.

"[T]he recording of a confidential conversation is intentional if the person using the recording equipment does so with the purpose or desire of recording a confidential conversation, **or with the knowledge to a substantial certainty that his use of the equipment will result in the recordation of a confidential conversation.**" {emphasis added} *Marich v. MGM/UA Telecomms, Inc.*, 113 Cal.4th 415, 421 (2003).

Here, the undisputed facts are that 1) HSBC purposefully recorded on a full-time basis; 2) HSBC intended and knew that they were recording every phone call, including personal telephone calls; 3) HSBC knew that employees were making personal telephone calls; and 4) HSBC permitted employees to make personal telephone calls using company telephones. Moreover, although HSBC's policy disclosed to employees that personal calls may be recorded, HSBC had no policy instructing or requiring HSBC employees to disclose during personal calls to persons such as Plaintiff that the call may be recorded.

Any assertion that HSBC merely installed a recording device on A. Rojas company telephone and did not expect its employees to engage in personal calls involving confidential conversations on company telephones is not only contradicted by the undisputed facts, but is clearly self-serving and misleading.

HSBC's reliance upon the *Smith* case is inapposite. First, the portion of the *Smith* opinion that HSBC relies upon is dicta, i.e., for the guidance of the *Smith* trial court. *People v. Superior Court of Los Angeles (Smith)*, 70 Cal. 2d 123 at 130 (1969). Second, the *Smith* case is distinguishable both legally and factually. Unlike the case at hand, *Smith* was a criminal case and section 632 was being interpreted within the context of evidence suppression. Moreover, unlike here, where HSBC purposefully recorded every phone call and knew that employees were making personal calls that may be recorded, the person recording in *Smith* was only testing the recording device, and accidentally recorded confidential communications. *Id.* at 133-135.

PLAINTIFF'S OPPOSITION TO HSBC'S MOTION FOR SUMMARY JUDGMENT

Case No. 37-2014-00023795-CU-MC-NC

Since HSBC's full-time recordings were recorded absolutely on purpose, not by accident, at the very least, a triable issue of material fact exists as to whether HSBC intentionally recorded Plaintiff's telephone calls.  As such, HSBC's Motion must be denied.

**B. TRIABLE ISSUES OF MATERIAL FACT EXISTS AS TO WHETHER HSBC VIOLATED SECTION 632.7**

To establish a violation of section 632.7, Plaintiff must prove that 1) HSBC "intentionally" recorded; and 2) HSBC intercepted or received communications without Plaintiff's consent.  *Cal. Penal Code* §632.7(a). Again, if the undisputed facts do not outright prove that HSBC "intentionally" recorded and intercepted or received Plaintiff's telephone communications, at the very least, the undisputed facts give rise to triable issues of material fact.

As discussed above, clearly Plaintiff establishes that, at the very least, there are triable issues of material facts as to whether HSBC intentionally recorded.

Next, HSBC asserts that Plaintiff cannot establish that HSBC "intercepted" or "received" Plaintiff's communications without her consent.  HSBC's arguments are unavailing.  The undisputed facts establish that 1) HSBC recorded personal communications between Plaintiff and her daughter; 2) HSBC was a third party interloper and not a party to Plaintiff's personal conversations; 3) Many of the Recordings were from personal telephone calls were made from HSBC's company telephones to Plaintiff's cellular or cordless telephone; and 4) Plaintiff never consented to HSBC intercepting, receiving, or recording her private personal communications.

HSBC's citation and reliance up an unpublished Los Angeles Superior Court Order Sustaining Demurrer and Denying Motion To Strike (*Yevgeniya Granina v. Eddie Bauer*, Case No. BC 569111) is not only improper under Cal. Rules of Court, Rule 8.1115, but is ineffectual, as well.  The *Granina* case is distinguishable in that Plaintiff called Eddie Bauer, and Eddie Bauer was the intended receiver of Plaintiff Granina's cellular telephone communication.  Unlike, the *Granina* case, here, HSBC was not an intended party to Plaintiff's cellular or cordless telephone communications, but was in fact a third party interloper.

-7-

1   For similar reasons, *Young v. Hilton Worldwide, Inc.*, 2014 WL 3434117 (C.D.

2   Cal. July 11, 2014), is of no help to HSBC. The Court in *Young* specifically found that

3   section 632.7 restricts third party interception of cellular and cordless telephonic radio

4   transmissions, as opposed to parties to a call. *Young v. Hilton Worldwide, Inc.*, supra,

5   2014 WL 3434117 at *1. Again, here, HSBC was a third party interceptor of Plaintiff's

6   cellular or cordless telephone communications. Although Plaintiff may have known that

7   her daughter was calling from an HSBC company phone, the undisputed fact is that

8   HSBC was not known nor welcome to be a party to Plaintiff's personal telephone

9   conversations. Yet, HSBC clearly intercepted and received Plaintiff's communications,

    as evidenced by the Recordings.

10   Moreover, even if HSBC were consider to be party to Plaintiff's personal

11   telephone conversations, in *Ades v. Omni Hotels Management Corp*, 46 F.Supp.3d 999

12   (C.D. Sept. 8, 2014), the district court, in its interpretation of section 632.7, found that

13   "[s]ince 'intercepts' is most naturally interpreted to refer to conduct whereby an unknown

14   party secretly accesses a conversations, 'receives' is naturally read to refer to

15   something other than access to a conversation by an unknown interloper." *Id.* at 1017-

16   1018. As a matter of common usage, the participants in a conversation "receive"

17   communications from each other. *Id.* Section 632.7 is not restricted to third party

18   interceptions. *Horowitz v. GC Services Ltd Partnership*, 2015 WL 1959377 at *11 (S.D.

     Cal. April 28, 2015).

19   Since HSBC admits to intentionally recording and HSBC intercepted or received

20   Plaintiff's cellular and cordless telephone communication, as evidence by the

21   Recordings, at the very least, a triable issue of material fact exists as to whether HSBC

22   intentionally recorded and intercepted or received Plaintiff's cellular or cordless

23   telephone calls. As such, HSBC's Motion must be denied.

24

25   **C. WHETHER THE DAMAGES PROVISION OF CALIFORNIA INVASION
       OF PRIVACY ACT ("CIPA") VIOLATES DUE PROCESS IS PRE-**

26   **MATURE**

27   Notwithstanding HSBC's withdrawal of all aspects of HSBC's Motion that concern

28   damages and does not completely dispose of a cause of action or affirmative defense,

-8-

PLAINTIFF'S OPPOSITION TO HSBC'S MOTION FOR SUMMARY JUDGMENT

Case No. 37-2014-00023795-CU-MC-NC

Plaintiff asserts that HSBC's claim that CIPA damages violate due process is pre-mature.

When damages have not been awarded, defendants cannot succeed in challenging the damages provisions as applied. *Kaufman v. ACS Sys., Inc.*, 110 Cal. App. 4th 886, 922, 2 Cal. Rptr. 3d 296 at 325 (2003).  That challenge is not ripe. (See *Hodel v. Virginia Surface Mining & Recl. Assn.* (1981) 452 U.S. 264, 303–304, 101 S.Ct. 2352, 69 L.Ed.2d 1; *Ameri–Medical Corp. v. Workers' Comp. Appeals Bd.* (1996) 42 Cal.App.4th 1260, 1285–1286, 50 Cal.Rptr.2d 366; *Ziaee v. Vest* (7th Cir.1990) 916 F.2d 1204, 1210–1211.) *Id.*

Since HSBC's assertion that CIPA's damage provision violates due process under the U.S. and California Constitutions is pre-mature, the Court should deny HSBC's Motion.

### D. HSBC STIPULATED TO WITHDRAW ALL ASPECTS OF HSBC'S MOTION CONCERNING DAMAGES THAT DO NOT COMPLETELY DISPOSE OF A CAUSE OF ACTION OR AFFIRMATIVE DEFENSE

The remaining arguments in HSBC's Motion concern damages that do not completely dispose of a cause of action or affirmative defense and are therefore withdrawn or improper under Cal. Code of Civ. Procedure §437c(t).  Plaintiff objects to the Court considering, adjudicating, or ruling on any aspect of HSBC's Motion that concerns damages that does not completely dispose of a cause of action or affirmative defense.

### VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny HSBC's Motion For Summary Judgment Or, In The Alternative, Summary Adjudication of First Amended Complaint in its entirety.  Plaintiff also requests leave to lodge and/or

PLAINTIFF'S OPPOSITION TO HSBC'S MOTION FOR SUMMARY JUDGMENT

Case No. 37-2014-00023795-CU-MC-NC

1 | file excerpts of the transcripts from Alma Escamilla and Leticia Ramirez's depositions as
2 | evidence in further support of this Opposition, when they become available, and after
3 | this opposition is due.

4 |       Dated: June 17, 2016

5 |                         LAW OFFICES OF DEBORAH L. RAYMOND

7 |                         Deborah L. Raymond, Attorney for Plaintiff

-10-

PLAINTIFF'S OPPOSITION TO HSBC'S MOTION FOR SUMMARY JUDGMENT

Case No. 37-2014-00023795-CU-MC-NC

# EXHIBIT C

1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  ALLAN S. COHEN (State Bar No. 115532)
   SHANNON E. DUDIC (State Bar No. 261135)
3  2029 Century Park East
   Los Angeles, CA 90067-3086
4  Telephone:  310-556-5800
   Facsimile:   310-556-5959
5  Email:      lacalendar@stroock.com

6  Attorneys for Defendants and Cross-Complainants
     HSBC CARD SERVICES INC., HSBC TECHNOLOGY &
7    SERVICES (USA) INC. AND CAPITAL ONE FINANCIAL
     CORPORATION

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

07/15/2016 at 03:57:00 PM

Clerk of the Superior Court
By Veronica Navarro,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| RON KEMPTON, an individual; KATHY KEMPTON, an individual; and DALIA ROJAS, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CAPITAL ONE FINANCIAL CORPORATION, as successor-in-interest and assignee of HSBC Card & Retail Services Inc. a/k/a HSBC Card Services Inc., a Delaware Corporation; HSBC CARD SERVICES INC., a Delaware Corporation; HSBC TECHNOLOGY & SERVICES (USA) INC., a Delaware Corporation, and DOES 1 through 10, <br><br> Defendants. <br>_____ <br> CAPITAL ONE FINANCIAL CORPORATION, HSBC CARD SERVICES INC. and HSBC TECHNOLOGY & SERVICES (USA) INC., <br><br> Cross-Complainants, <br><br> vs. <br><br> ALEJANDRA ROJAS, an individual, and ROES 1 through 10, inclusive, <br><br> Cross-Defendants. <br>_____ | Case No. 37-2014-00023795-CU-MC-NC <br><br> [Assigned to the Hon. Earl H. Maas, III] <br><br> **REPLY OF DEFENDANTS AND CROSS-COMPLAINANTS HSBC CARD SERVICES INC. AND HSBC TECHNOLOGY & SERVICES (USA) INC. IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF FIRST AMENDED COMPLAINT** <br><br> [Reply Separate Statement of Undisputed Facts, Evidentiary Objections and Supplemental Declaration of Shannon E. Dudic filed and Proposed Order Granting Summary Judgment and Proposed Order Re:  Evidentiary Objections lodged concurrently] <br><br> Hearing <br> Date:      July 29, 2016 <br> Time:      1:30 p.m. <br> Dept.:      N-28 <br><br> Action Filed: July 14, 2014 <br> Trial Date:  Not Set |

1

# TABLE OF CONTENTS

2

**Page**

3  I.    INTRODUCTION ........................................................................................................1

4  II.   ARGUMENT ...............................................................................................................3

5       A.    Plaintiff's First Cause Of Action For Violation Of Section 632 And Second
              Cause Of Action For Violation Of Section 632.7 Fail As A Matter Of Fact

6             And Law Because HSBC Did Not "Intentionally" Record Plaintiff's Calls..............3

7       B.    Plaintiff's Second Cause Of Action For Violation Of Section 632.7 Fails
              Because Plaintiff Consented To The Interception And/Or Receipt Of The

8             Calls. ...........................................................................................................5

9       C.    The Court Should Sustain HSBC's Objections To Ms. Raymond's
              Declaration And Disregard Any Deposition Testimony That Plaintiff Failed

10            To Submit With Her Opposition. ................................................................6

11  III.  CONCLUSION ............................................................................................................9

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Ades v. Omni Hotels Mgmt. Corp.,
   46 F. Supp. 3d 999, 1017-18 (C.D. Cal. 2014) ............................................................5

Bozzi v. Nordstrom, Inc.,
   186 Cal. App. 4th 755 (2010) ......................................................................................1

Horowitz v. GC Servs. Ltd. P'ship,
   No. 14CV2512-MMA RBB, 2015 WL 1959377 (S.D. Cal. Apr. 28, 2015)................5

Marich v. MGM/UA Telecomms., Inc.,
   113 Cal. App. 4th 415 (2003) ......................................................................................3

People v. Super. Ct. of L.A. Cty. (Smith),
   70 Cal. 2d 123 (1969) ..........................................................................................1, 3, 4

Rodriguez v. Oto,
   212 Cal. App. 4th 1020 (2013) ....................................................................................7

Roman v. BRE Properties, Inc.,
   237 Cal. App. 4th 1040 (2015) ....................................................................................6

Yevgeniya Granina v. Eddie Bauer, LLC,
   Case No. BC 569111, Order Sustaining Demurrer and Denying Motion to Strike
   (Super. Ct. L.A.) .......................................................................................................5, 6

Young v. Hilton Worldwide, Inc.,
   No. 2:12-CV-01788-R-PJWX, 2014 WL 3434117 (C.D. Cal. July 11, 2014) ........5, 6

**Statutes**

Cal. Civ. Proc. Code § 437c(h)..........................................................................................7

Cal. Civ. Proc. Code § 437c(t) ..........................................................................................1

Penal Code § 632....................................................................................................*passim*

Penal Code §  632.7.................................................................................................*passim*

**Rules**

Cal. R. Ct. 8.1115 ..............................................................................................................5

Cal. R. Ct. 3.1300(d) .........................................................................................................1

## I.     **INTRODUCTION**[1]

Plaintiff's Opposition fails to establish that there is a genuine dispute as to any material fact that would preclude summary judgment on her claims against HSBC.[2]   Indeed, Plaintiff does not cite any case applying CIPA to facts even remotely similar to the present case.  Here, Plaintiff's daughter A. Rojas was employed by HSBC and signed an agreement with HSBC when she was hired, agreeing that HSBC could monitor and record all of her calls.  HSBC's policies also informed employees, including A. Rojas, that their calls could be recorded and that they had no right to privacy of information transmitted over HSBC's company phones.  Indeed, A. Rojas' job responsibilities included monitoring the recorded calls of other employees and drafting policies and procedures regarding HSBC's call recording disclosure.  Nonetheless, A. Rojas chose to ignore HSBC's policies and use HSBC's company phone to place hundreds of purportedly "confidential" personal calls to her mother, Plaintiff.  CIPA simply does not apply in this context.

As set forth in the Motion, there is no evidence that HSBC "intentionally" recorded or intercepted or received, without consent, the personal calls of A. Rojas and Plaintiff.[3]   The recordings were merely incidental and caused by A. Rojas' improper use of HSBC's company phone.  The California Supreme Court has held that incidental recordings, such as those at issue here, do not violate CIPA because the requisite "intent" to record the particular call at issue is lacking.   People v. Super. Ct. of L.A. Cty. (Smith), 70 Cal. 2d 123, 133 (1969).  Plaintiff does not dispute the standard established by Smith; nor does she dispute the material facts.  Accordingly, summary judgment should enter in favor of HSBC on Plaintiff's First and Second Causes of Action for alleged violations of Section 632 and Section 632.7.

---

[1] As an initial matter, Plaintiff's Opposition was not timely-filed as it was due on June 17, 2016 but filed as of June 20, 2016. Accordingly, the Court may refuse to consider Plaintiff's late-filed papers. Cal. Ct. R. 3.1300(d); Bozzi v. Nordstrom, Inc., 186 Cal. App. 4th 755, 765 (2010).
[2] Terms are used herein as defined in HSBC's Motion.
[3] HSBC also moved for summary adjudication pursuant to Section 437c(t) of the Code of Civil Procedure on the grounds that (1) damages are limited to $5,000 total, and (2) even if damages were not limited to $5,000, statutory damages would violate due process in these circumstances. Determination of these issues in advance of trial would further the interest of judicial economy by decreasing trial time and significantly increasing the likelihood of settlement.  Nonetheless, Plaintiff refused to stipulate that the Court may rule on these issues.  Accordingly, HSBC respectfully withdraws these arguments without prejudice.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Moreover, even assuming that HSBC intentionally recorded the personal calls between A. Rojas and Plaintiff (it did not), based on the undisputed material facts Plaintiff's Second Cause of Action for Section 632.7 fails because HSBC did not "intercept" or "receive" the calls without Plaintiff's consent.  Plaintiff does not dispute that a requisite element to a Section 632.7 claim is the <u>unconsented</u> interception or receipt of calls.  Rather, Plaintiff ignores the statutory construction of Section 632.7 in this regard and instead argues that a party to the call at issue may be found liable of violating Section 632.7.  Plaintiff misses the point.  Even assuming that a party to a call may be liable, Plaintiff has not set forth any disputed material facts establishing that she did not consent to receive calls from A. Rojas knowing that A. Rojas placed those calls from HSBC's company phone.  Accordingly, Plaintiff cannot establish this additional requisite element to a Section 632.7 claim.

Finally, as set forth in HSBC's Reply to Plaintiff's Separate Statement, the twenty-seven purported facts submitted by Plaintiff are not material to the Motion and not supported by the evidence.  The Motion seeks summary judgment on two grounds:  (1) HSBC did not "intentionally" record the calls at issue; and (2) Plaintiff consented to the "interception" and/or "receipt" of her daughter's calls.  Nonetheless, Plaintiff's purported additional facts relate to other elements of Plaintiff's claims, which are not at issue in the Motion.  Specifically, the additional facts address whether Plaintiff consented to the recording of her calls (as opposed to the "interception" or "receipt" of the calls), whether the calls were allegedly "confidential" and Plaintiff's alleged harm.  Because these purported facts do not relate to the two narrow issues presented by HSBC in the Motion, which defeat Plaintiff's claims in their entirety, the facts are not relevant and should be disregarded.  In addition, the Court should deny Plaintiff's request to rely on deposition transcripts that she did not submit with her Opposition because Plaintiff had more than ample opportunity to submit any purportedly relevant deposition testimony and her failure to do so has prevented HSBC from responding to such evidence.

Accordingly, as demonstrated below and in the Motion, Plaintiff's claims are defeated as a matter of fact and law, and summary judgment should enter in favor of HSBC.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

II.   <u>**ARGUMENT**</u>

A.   <u>**Plaintiff's First Cause Of Action For Violation Of Section 632 And Second Cause Of Action For Violation Of Section 632.7 Fail As A Matter Of Fact And Law Because HSBC Did Not "Intentionally" Record Plaintiff's Calls.**</u>

Plaintiff does not dispute that HSBC recorded employees' calls for business and compliance purposes and to grade employees' performance.  (Separate Statement 1- 7.)  Nor does she dispute that HSBC disclosed to employees that telephone calls placed using HSBC's company telephones could be recorded and that employees did not have a right to privacy to any information transmitted through HSBC's telephone.  (Separate Statement 8-13.)  Nor does Plaintiff dispute that all of the call recordings at issue are of personal calls between her daughter A. Rojas and, in one other instance, a different HSBC employee.  (Separate Statement 14-23.)  These simple, clear and undisputed facts alone establish that HSBC did not "intentionally" record any purportedly confidential calls between A. Rojas and Plaintiff, and entitle HSBC to summary judgment on all claims.

Indeed, HSBC's actions are precisely the conduct that the California Supreme Court has held does not fall within the purview of CIPA.  <u>Smith</u>, 70 Cal. 2d at 133.  Plaintiff argues that <u>Smith</u> is distinguishable because it interprets Section 632 in the context of evidence suppression pursuant to Section 632(d), which states that "no evidence obtained as a result of eavesdropping upon or recording a confidential communication in violation of [Section 632] shall be admissible in any judicial . . . proceeding."  Plaintiff's argument is unavailing.  Plaintiff does not, and cannot cite, any authority for this proposition.  To the contrary, the one other case cited by Plaintiff, <u>Marich v. MGM/UA Telecomms., Inc.</u>, 113 Cal. App. 4th 415, 421-22 (2003), applies the analysis in <u>Smith</u> to a civil case alleging violations of Section 632.  Accordingly, the California Supreme Court's interpretation of CIPA governs here.

Moreover, there is no meaningful distinction between the facts in <u>Smith</u> and the facts here. In <u>Smith</u>, a recording device was activated which subsequently "by chance" recorded confidential communications.  The <u>Smith</u> court analyzed the language of CIPA utilizing statutory interpretation principles and held that "it is not the purpose of the statute to punish a person who intends to make

LA 51999240

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1  a recording but only a person who intends to make a recording <u>of a confidential communication</u>."

2  <u>Id.</u> at 133 (emphasis added).  In other words, if a person does not intend to record a particular

3  confidential communication, there is no liability under CIPA.

4        As in <u>Smith</u>, HSBC merely set up recording equipment on employee telephones with the

5  intent to record business-related telephone calls and, by chance, recorded purportedly confidential

6  non-work related telephone communications between A. Rojas and her mother, Plaintiff.  Because

7  HSBC did not utilize the recording equipment with the intent to record the purportedly confidential

8  communications at issue, but merely recorded those conversations "by chance," the "intentional"

9  requirement of Sections 632 and 632.7 is not satisfied, and Plaintiff's claims are defeated as a

10  matter of fact and law.

11        In addition, Plaintiff's argument that, in some instances, HSBC utilized a full-time

12  recording system does not render the inadvertent recording of personal employee calls

13  "intentional", and Plaintiff misconstrues the evidence in this regard.[4]  Although HSBC's full-time

14  recording system operates to record every call that an employee makes using his or her company

15  phone, employees, including A. Rojas, were informed that their calls were being recorded and

16  expressly told that:

17          Employees may use Company electronic resources for

18          occasional non-work purposes as long as such use
        does not interfere with the work . . . . However, <u>at no</u>

19          <u>time do employees have a right of privacy</u> as to any
        information or files stored or maintained on Company

20          property or transmitted or stored through the
        Company's telephone, computer, voicemail, or e-mail

21          systems.

22   (Separate Statement 12 & 13 (emphasis added).)  HSBC's policies make absolutely clear that

23  HSBC did not expect employees to engage in personal calls involving confidential conversations

24  on company phones, and HSBC thus did not "intend" to record purportedly "confidential" non-

25  work related calls of its employees, including A. Rojas.

26  _____

27  [4] Plaintiff also argues that HSBC did not have a policy requiring employees to disclose during the
personal telephone conversations that calls may be recorded.  This purported fact is not relevant to
whether HSBC "intentionally" recorded its employees' purportedly confidential personal telephone

28  calls.

Accordingly, because Plaintiff has failed to meet her burden to establish that there is a triable issue of material fact regarding the "intentional" element of her First and Second Causes of Action, summary judgment should enter in favor of HSBC as a matter of fact and law.

**B.      Plaintiff's Second Cause Of Action For Violation Of Section 632.7 Fails Because Plaintiff Consented To The Interception And/Or Receipt Of The Calls.**

Plaintiff does not cite nor is HSBC aware of any reported California case interpreting Section 632.7's requirement that the calls at issue be intercepted or received <u>without consent</u>. Rather, Plaintiff relies on two unpublished decisions of the United States District Court that discuss whether a party to a call may be liable under Section 632.7 – <u>Ades v. Omni Hotels Mgmt. Corp.</u>, 46 F. Supp. 3d 999, 1017-18 (C.D. Cal. 2014), and <u>Horowitz v. GC Servs. Ltd. P'ship</u>, No. 14CV2512-MMA RBB, 2015 WL 1959377, at *11 (S.D. Cal. Apr. 28, 2015).  However, in <u>Ades</u> and <u>Horowitz</u> the parties did not argue (as HSBC does here) that Section 632.7 requires the <u>unconsented</u> "receipt" or "interception" of calls, nor did the court address this issue.  <u>Ades</u>, 46 F. Supp. 3d at 1017-18;  <u>Horowitz</u>, 2015 WL 1959377, at *11.  On the other hand, the cases cited by HSBC do address whether Section 632.7 requires the <u>unconsented</u> "receipt" or "interception" of calls.  <u>See</u> <u>Young v. Hilton Worldwide, Inc.</u>, No. 2:12-CV-01788-R-PJWX, 2014 WL 3434117, at *2 (C.D. Cal. July 11, 2014), and <u>Yevgeniya Granina v. Eddie Bauer, LLC</u>, Case No. BC 569111, Order Sustaining Demurrer and Denying Motion to Strike (Super. Ct. L.A.) (slip op.).[5]

As set forth in the Motion, pursuant to relevant statutory interpretation principles, to prove liability under Section 632.7, Plaintiff must establish that HSBC "intercepted" or "received" the calls at issue <u>without Plaintiff's consent</u>.   <u>Young</u>, 2014 WL 3434117, at *2; <u>Granina</u>, Order Sustaining Demurrer and Denying Motion to Strike, at 1-2.  In <u>Granina</u>, plaintiff alleged that she used her cellular telephone to call Eddie Bauer's toll-free number and disclosed private information to the Eddie Bauer representatives.  <u>Granina</u>, at 1.  The court sustained Eddie Bauer's demurrer on the grounds that plaintiff failed to allege that, without her consent, Eddie Bauer both received and

---

[5] Plaintiff argues that it is improper to cite to <u>Granina</u>.  Plaintiff is incorrect.  California Rule of Court 8.1115 only prohibits citation to an "opinion of the California Court of Appeal or superior court appellate division" that is not published.  It does not prohibit parties from citing, nor courts from considering, trial court opinions, such as <u>Granina</u>, which are persuasive authority.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

intentionally recorded plaintiff's call without plaintiff's consent.  Id. at 2.  Specifically, because plaintiff alleged that she initiated the calls, she admitted that Eddie Bauer received the communications with her consent.  Id.  Similarly, in Young, plaintiff's claims were defeated as a matter of law on a motion for judgment on the pleadings because the court held that there was no unconsented interception or reception of the calls at issue where the plaintiff called Hilton's customer service line and Hilton recorded those calls.  Young, 2014 WL 3434117, at *2.

Similarly, here, there was no unconsented interception or receipt of the calls at issue.  To the contrary, A. Rojas and Plaintiff's practice was that, if Plaintiff wanted to speak with A. Rojas while A. Rojas was at work, Plaintiff would leave a message on A. Rojas' cell phone and A. Rojas would return Plaintiff's call using HSBC's company phone.  (Separate Statement 39, 49-52.)  At all times, Plaintiff knew that A. Rojas was using HSBC's company phone to call Plaintiff.  (Id.) Because Plaintiff knew that A. Rojas was placing the calls to her from HSBC's company phone and answered those calls anyway, Plaintiff cannot establish the essential element of unconsented interception or receipt of the calls.  Plaintiff's conclusory and self-serving statements in her declaration that HSBC was purportedly an "interloper" are insufficient to overcome the overwhelming evidence establishing that Plaintiff knew that A. Rojas placed all of the calls at issue using HSBC's company phone.

Accordingly, for this additional reason, Plaintiff's Second Cause of Action for violation of Section 632.7 fails as a matter of fact and law.

### C.     The Court Should Sustain HSBC's Objections To Ms. Raymond's Declaration And Disregard Any Deposition Testimony That Plaintiff Failed To Submit With Her Opposition.

Moving parties are entitled to see and respond to any evidence offered in opposition to a motion for summary judgment; thus, evidence "not presented in opposition to the summary judgment motion itself is not properly considered by the court in ruling on the motion."  See Roman v. BRE Properties, Inc., 237 Cal. App. 4th 1040, 1054-55 (2015).  Moreover, to the extent a party opposing a motion for summary judgment contends that additional discovery is needed, that party must request a continuance of the hearing and show that essential discovery is needed to

-6-

LA 51999240

1    oppose motion.  Id. at 1056.  The court has discretion to deny such relief based on the requesting

2    party's lack of diligence.  See Rodriguez v. Oto, 212 Cal. App. 4th 1020, 1038 & n.7 (2013)

3    (noting that "majority of courts have held that lack of diligence may be a ground for denying a

4    request for a continuance") (internal quotes omitted)).  Failure to request a continuance before or at

5    the time that the opposition is due waives the right to further discovery.  Id.; Cal. Civ. Proc. Code §

6    437c(h).

7          Here, the Court should deny Plaintiff's request to rely on the depositions of Alma Escamilla

8    and Leticia Ramirez, which Plaintiff failed to submit with her Opposition, and, to date, has not

9    submitted.  Notably, Plaintiff does not argue, nor could she, that she has not had an opportunity to

10   obtain this discovery.  Nor does Plaintiff request a continuance of the hearing or argue that this

11   evidence is "essential" to the Motion.  Instead, Plaintiff merely states that that she believes the

12   testimony is relevant and argues that, for some unknown reason, she was not able to obtain the

13   transcripts from the court reporter.  However, the evidence is clear that Plaintiff had ample

14   opportunity to obtain any evidence from Ms. Escamilla and Ms. Ramirez well in advance of filing

15   her Opposition.

16         As set forth in the concurrently filed Supplemental Declaration of Shannon E. Dudic,

17   Plaintiff has been aware that Leticia Ramirez was A. Rojas' manager since at least October 2015,

18   when HSBC deposed A. Rojas.  (Supp. Dudic Decl. ¶ 4, Ex. 1 (A. Rojas Depo., at 39:22-24).)  In

19   January 2016, HSBC also listed Ms. Ramirez as a trial witness in the parties' Joint Trial Readiness

20   Report.  (Supp. Dudic Decl. ¶ 3.)  In addition, Ms. Escamilla testified that she has been a personal

21   acquaintance of Plaintiff for twenty years.  (Supp. Dudic Decl. ¶ 7, Ex. 3 (A. Escamilla Depo., at

22   125:7-20).)  Accordingly, since at least October 2015 (and, in the case of Ms. Escamilla, much

23   earlier), Plaintiff has been aware that Ms. Ramirez and Ms. Escamilla may possess information

24   regarding Plaintiff's claims.  Nonetheless, Plaintiff never attempted to depose Ms. Ramirez and

25   Ms. Escamilla.  (Supp. Dudic Decl. ¶¶ 4-6.)

26         On March 4, 2016, HSBC filed its Motion and noticed the hearing on the Motion for May

27   20, 2016, with Plaintiff's opposition due on May 6, 2016.  (Supp. Dudic Decl. ¶¶4.)  At Plaintiff's

28   request and to accommodate Plaintiff's schedule, HSBC agreed to continue the hearing on the

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1   Motion to July 29, 2016 and that Plaintiff's Opposition would be due on June 17, 2016.  (Id.)

2   Thereafter, Plaintiff never attempted to depose Ms. Ramirez and Ms. Escamilla.  (Id.)  On April 24,

3   2016, HSBC informed Plaintiff that it intended to take the depositions of Ms. Escamilla and Ms.

4   Ramirez on May 24 and 25, respectively.  (Id. at ¶ 5.)  At Plaintiff's request and to accommodate

5   Plaintiff's schedule, HSBC agreed to set the depositions for June 1 and 2, 2016.  (Id.)

6        The depositions of Ms. Escamilla and Ms. Ramirez took place on June 1 and 2, 2016.  At

7   the depositions, HSBC ordered deposition transcripts.  (Id. at ¶ 6.)  Thereafter, HSBC received an

8   electronic copy of Ms. Escamilla's and Ms. Ramirez's deposition transcripts on June 11, 2016 and

9   June 15, 2016, respectively.  (Id.)  However, Plaintiff did not order the deposition transcripts at the

10  depositions and contends that she could not obtain them in advance of filing her Opposition.

11  (Raymond Decl. ¶ 7-10.)  Approximately one month has now passed since Plaintiff filed her

12  Opposition.  To date, Plaintiff has not provided HSBC with any citations to the purported relevant

13  deposition testimony upon which she purports to rely or submitted any such deposition testimony

14  to the Court.  (Supp. Dudic Decl. ¶¶ 8.)

15       The facts are clear.  Plaintiff had ample opportunity to depose Ms. Escamilla and Ms.

16  Ramirez and to obtain deposition transcripts in advance of filing her Opposition, but Plaintiff failed

17  to do so.  Instead, Plaintiff improperly relies on deposition testimony that she failed to submit as

18  evidence with her Opposition.  There simply is no justification for Plaintiff's inaction.

19       Accordingly, Plaintiff should not be permitted to rely on the deposition transcripts, and the

20  Court should disregard any purported summaries of Ms. Escamilla's or Ms. Leticia's deposition

21  testimony or any other evidence that Plaintiff failed to submit with her Opposition.

22

23

24

25

26

27

28

LA 51999240

III.    <u>CONCLUSION</u>

For the forgoing reasons and the reasons set forth in the Motion, HSBC respectfully submits that the Court should grant the Motion in its entirety and enter judgment in favor of HSBC.


Dated:  July 15,  2016                          Respectfully Submitted,

                                                STROOCK & STROOCK & LAVAN LLP
                                                JULIA B. STRICKLAND
                                                ALLAN S. COHEN
                                                SHANNON E. DUDIC


                                                By: _____
                                                            Shannon E. Dudic

                                                Attorneys for Defendants and Cross-Complainants
                                                    HSBC CARD SERVICES INC., HSBC
                                                    TECHNOLOGY & SERVICES (USA) INC.,
                                                    and CAPITAL ONE FINANCIAL
                                                    CORPORATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
          ) ss
COUNTY OF LOS ANGELES )

  I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 2029 Century Park East, Suite 1800, Los Angeles, CA  90067-3086.

  On July 15, 2016 I served the foregoing document(s) described as: **REPLY OF DEFENDANTS AND CROSS-COMPLAINANTS HSBC CARD SERVICES INC. AND HSBC TECHNOLOGY & SERVICES (USA) INC. IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**- SEE ATTACHED SERVICE LIST -**

☐  **(VIA PERSONAL SERVICE**  By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

☐  **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐  **(VIA E-MAIL)**  Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☑  **(VIA OVERNIGHT DELIVERY)**  By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

  I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  Executed on July 15, 2016 at Los Angeles, California.

  Dina Prado                 [Signature]

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-1-
PROOF OF SERVICE

LA 51999240

1

## SERVICE LIST

2

3    Deborah L. Raymond, Esq.                    Attorney for Plaintiffs Ron Kempton, Kathy
     Law Offices of Deborah L. Raymond           Kempton and Dalia Rojas
     445 Marine View Ave., Suite 120
4    Del Mar, CA 92014

5
     Philip Burkhardt, Esq.                      Attorneys for Cross-Defendant Alejandra Rojas
6    Francisco Garcia, Jr., Esq.
     Burkhardt & Larson
7    6006 El Tordo, Suite 200
     Rancho Santa Fe, CA 92067
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA 51999240

# EXHIBIT D

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**

## MINUTE ORDER

DATE: 08/05/2016                    TIME: 03:13:00 PM          DEPT:

JUDICIAL OFFICER PRESIDING: Earl H. Maas, III
CLERK:  Noreen McKinley
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2014-00023795-CU-MC-NC**   CASE INIT.DATE: 07/17/2014
CASE TITLE: **Kempton vs Capital One Financial Corporation [IMAGED]**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Misc Complaints - Other

---

**APPEARANCES**

---

The Court, having taken the above-entitled matter under submission on 7/29/16 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

Defendants' motion for summary judgment is granted.

Defendants have met their initial burden of proof.

Plaintiffs have failed to establish a triable issue of material fact as to the first cause of action and whether Defendants recorded the phone calls "with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial certainty that his use of the equipment will result in the recordation of a confidential conversation." Marich v. MGM/UA Telecomms., Inc. (2003) 113 Cal.App.4th 415, 421.

Plaintiffs have failed to establish a triable issue of material fact as to the second cause of action and whether Defendants intercepted and intentionally recorded a communication involving a cell phone or cordless phone.

_____
Judge Earl H. Maas, III

# EXHIBIT E

```
 1            SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                  FOR THE COUNTY OF SAN DIEGO

 3

 4   DEPARTMENT N-28           HON. EARL H. MAAS, III, JUDGE

 5   RON KEMPTON, an individual,   )
     et al.,                        )
 6                                  )
                       Plaintiffs,  )
 7                                  )
          vs.                       ) Case No.
 8                                  ) 37-2014-00023795
     CAPITAL ONE FINANCIAL          ) CU-MC-NC
 9   CORPORATION, et al.,           )
                                    )
10                     Defendants.  )
     _____ )
11

12                 TRANSCRIPT OF PROCEEDINGS

13                      November 4, 2016

14                     Pages 1 through 8

15

16   Appearances:

17

18   For the Defendants      Stroock & Stroock & Lavan LLP
     and Cross-              By:  Shannon E. Dudic
19   Complaints HSBC Card    2029 Century Park East
     Services Inc. and       Los Angeles, California 90067
20   HSBC Technology &       (310) 556-5800
     Services (USA) Inc.:
21

22   For Cross-Defendant     Burkhardt & Larson
     Alejandra Rosas:        By:  Francisco Garcia
23                           6006 El Tordo, Suite 200
                             Rancho Santa Fe, California 92067
24                           (858) 756-3743

25

26

27
     Job No. 352757
28                           Diane M. Lytle, CSR 8606
```

Page 2

1    Vista, California, Friday, November 4, 2016, 1:44 p.m.

2

3         THE COURT:  Kempton versus Capital One.

4         MS. DUDIC:  Good morning, your Honor, Shannon Dudic

5    on behalf of the agencies, the defendants, and

6    cross-defendants.

7         MR. GARCIA:  Good morning, your Honor.  Francisco

8    Garcia, Burkhardt & Larson, on behalf of Cross-Defendant

9    Alejandra Rojas.

10        THE COURT:  Okay.

11        I'm not sure which table you should be at.

12        MR. GARCIA:  I think this one is right because

13   we're kind of defendants.

14        MS. DUDIC:  Yeah.

15        THE COURT:  You should be over there.  All right.

16        So you're submitting?

17        MS. DUDIC:  I submitted on the tentative, yes, your

18   Honor.

19        MR. GARCIA:  We are not submitting, your Honor,

20   without some sort of a fight.

21        THE COURT:  Go ahead.

22        MR. GARCIA:  All right.

23        Your Honor, right now, the tentative, it looks like

24   you're focused on defendant's assertion that Alejandra

25   was absolutely prohibited from making personal calls.

26        THE COURT:  No, no.  Maybe I can make it clear for

27   you.

28        MR. GARCIA:  Okay.

1        THE COURT:  I mean, I've already ruled on the
2    primary claim --
3        MR. GARCIA:  Yes.
4        THE COURT:  -- that I don't think the statute was
5    set up for this.  And there is, you know, a serious
6    concern if, in fact, this area fell within the statute,
7    then any employee who was unhappy with their employment
8    could start sneaking in personal phone calls to their
9    brother, their cousin, their mother and create liability
10   on the part of -- I'm not saying that's what happened,
11   but could create liability because almost be an
12   automatic responsibility.
13       As I look at it, I think that there's a question of
14   fact -- well, there's one, the issue of law whether they
15   can held responsible for it at all.  That, we're not
16   talking about so much.
17       But there is a question as to -- in my mind, both
18   legally and factually, as to whether her actions -- and
19   this wasn't the occasional use, which I think I would
20   probably kind of roll my eyes at, this appears to be an
21   extensive use of the phone for nonwork-related matters
22   and put her in this position.
23       Now, I don't believe that the facts have
24   established at the point that she intentionally did this
25   to expose her employer to liability.
26       But I think there's a fairly decent argument that
27   it was reckless, in light of the way it's all worked
28   out.  And I don't think that it would -- I think a trier

Page 4

1  of fact could find that she acted in such a way as to

2  put her employer at risk for, really,

3  nonemployment-related purposes, which seems to me to be

4  the exception.  So it's kind unique.

5      I mean, I don't know what's going to happen with

6  this case.  I'm fairly confident if the party that's not

7  here either doesn't appeal or isn't successful on the

8  appeal, this case is going to go away.  I can't imagine

9  that they're going to throw good money after that.  But

10 that's it.

11     I believe a trier of fact could find that your

12 client's actions placed her employer at risk.  And

13 that's especially true if her mother's interpretation of

14 the statute is accurate and I'm wrong.

15     So it's kind of a weird one.  If I'm right, there's

16 no liability on anybody, you move on.  If I'm wrong,

17 there's liability -- potentially liability on them, but

18 then that's caused by the action of your client.  It's

19 an odd one.

20     MR. GARCIA:  It is, your Honor.

21     I guess I'll touch, just based on what you said

22 right there, on the intent where in order to show

23 intent, there's been no facts that our client actually

24 intended to record the calls with her mother.

25     THE COURT:  She knew they were recorded.

26     MR. GARCIA:  But she didn't know they were all

27 recorded.  She knew there was a possibility, but the

28 possibility --

TRANSCRIPT OF PROCEEDINGS - 11/04/2016

Page 5

1       THE COURT:  And, like I said, if there's one or two

2  calls, yeah.  But she's playing Russian roulette with a

3  six-shooter and pulling the trigger seven times.

4  Eventually, you're going to lose that situation.

5       There were -- I don't remember the exact number,

6  numerous phone calls that were not, you know, even from

7  what I could tell, necessary to make.  They were the

8  kinds that could have waited until she had an

9  opportunity to be away from work.

10       But that's why I said if it was just a couple, I

11  would say, yeah.  But we're talking so many, knowing

12  whether she knew every call was going to be recorded or

13  most calls were going to be recorded or even 10 percent

14  of the calls were going to be recorded.

15       She actually thought she would have known that

16  there would be some of those phone calls recorded,

17  therefore, making them potentially liable.

18       And I thought that the -- you know, the vehicle

19  case where the person was able to drive the truck home

20  and back or stop in line was pretty persuasive.  But on

21  the time where, you know, drove it 140 miles out of the

22  way, that was not in the course and scope of the

23  employment.

24       So we're having to use a lot of different types of

25  law to analyze this case where there's no case law.

26       Did you write the motion?

27       MR. GARCIA:  Yes.

28       THE COURT:  I thought it was a great motion.

Page 6

1    MR. GARCIA:  I did, your Honor.

2    THE COURT:  Yeah, I thought it was a great motion.

3    I just think you have such a unique case.  And

4  since I think there's probably a reasonable probability

5  it's going to the court of appeal, I think we have to

6  wait and let them tell us what they think of this.

7    It's weird that I invite the court of appeal to

8  tell me what to do, but I think in this one, we're all

9  going to find out together.

10    MR. GARCIA:  Okay.

11    THE COURT:  Okay.

12    It was a very good motion, though, but because it

13  was so unique, I just have to rely on all these general

14  kind of --

15    MR. GARCIA:  I understand.

16    MS. DUDIC:  Okay.

17    Your Honor, of course, we agree with your

18  assessment here.

19    I do want to remind the Court that we're before you

20  on a status conference as well.  Approximately a month

21  ago, we asked that the case be stayed pending the

22  outcome of the judgment in the principal case, whether

23  the plaintiff will appeal it, and we reiterate that

24  request again today.

25    THE COURT:  Well, the time for appeal, as I recall,

26  still got another month to go; right?

27    MS. DUDIC:  That's correct.

28    MR. GARCIA:  December 8th or 10th, I believe.

Page 7

 1        MS. DUDIC:  December 10th.

 2        THE COURT:  You wanted to stop this, which I wasn't

 3   willing to do.  And it was a very, you know, interesting

 4   motion to read and to try to figure out what to do with

 5   this.

 6        I think at this point, there's not enough time for

 7   anyone to do anything for the time of the appeal to run,

 8   so I'm not going to stay the case.

 9        However, if a notice of appeal is filed, I will

10   stay the case.  So I'm going to say that if there's an

11   appeal, it will be automatically stayed because they're

12   too interwoven to go separately.  But if there's no

13   appeal, then I encourage you all to talk and figure out

14   a way to get rid of it.

15        MS. DUDIC:  Thank you, your Honor.

16        MR. GARCIA:  Thank you, your Honor.

17        THE COURT:  Sound reasonable?

18        MS. DUDIC:  Yes, your Honor.

19        (The proceedings concluded at 1:51 p.m.)

20                            ***

21

22

23

24

25

26

27

28

Page 8

1    STATE OF CALIFORNIA ) ss

2

3         I, Diane M. Lytle, CSR 8606, do hereby declare:

4

5         That the above foregoing seven (7) pages contain a

6    full, true and correct transcription of the proceedings.

7

8         I further declare that I have no interest in the

9    event of the action.

10

11        I declare under penalty of perjury under the laws

12   of the State of California that the foregoing is true

13   and correct.

14

15        WITNESS my hand this 17th_ day of

16   November, 2016

17

18

19   _____

     Diane M. Lytle, CSR 8606
20

21

22

23

24

25

26

27

28

# EXHIBIT F

APP-002

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):* <br> Deborah L. Raymond, SBN 173528 <br> Law Offices of Deborah L. Raymond <br> 445 Marine View Avenue, Suite 120 <br> Del Mar, CA 92014 <br> TELEPHONE NO.: 858-481-9559   FAX NO. *(Optional):* 858-724-0747 <br> E-MAIL ADDRESS *(Optional):* draymondlaw@gmail.com <br> ATTORNEY FOR *(Name):* Dalia Rojas (Plaintiff/Appellant) | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 325 S. Melrose Drive
MAILING ADDRESS: Same
CITY AND ZIP CODE: Vista, CA 92081-6695
BRANCH NAME: North County Regional Center

PLAINTIFF/PETITIONER: Dalia Rojas

DEFENDANT/RESPONDENT: HSBC Card Services, Inc. et al.

| | |
|---|---|
| ☑ **NOTICE OF APPEAL** ☐ **CROSS-APPEAL** <br> (UNLIMITED CIVIL CASE) | CASE NUMBER: <br> 37-2014-00023795-CU-MC-NC |

**Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) before completing this form. This form must be filed in the superior court, not in the Court of Appeal.**

1. NOTICE IS HEREBY GIVEN that *(name):* Dalia Rojas
   appeals from the following judgment or order in this case, which was entered on *(date):* September 26, 2016
   - ☐ Judgment after jury trial
   - ☐ Judgment after court trial
   - ☐ Default judgment
   - ☑ Judgment after an order granting a summary judgment motion
   - ☐ Judgment of dismissal under Code of Civil Procedure sections 581d, 583.250, 583.360, or 583.430
   - ☐ Judgment of dismissal after an order sustaining a demurrer
   - ☐ An order after judgment under Code of Civil Procedure section 904.1(a)(2)
   - ☐ An order or judgment under Code of Civil Procedure section 904.1(a)(3)–(13)
   - ☐ Other *(describe and specify code section that authorizes this appeal):*

2. For cross-appeals only:
   a. Date notice of appeal was filed in original appeal:
   b. Date superior court clerk mailed notice of original appeal:
   c. Court of Appeal case number *(if known):*

Date: 11/17/2016

Deborah L. Raymond
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Approved for Optional Use <br> Judicial Council of California <br> APP-002 [Rev. July 1, 2010]

**NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)**
(Appellate)

Cal. Rules of Court, rule 8.100 <br> www.courts.ca.gov

APP-002

| CASE NAME: | CASE NUMBER: |
|---|---|
| Rojas v. HSBC Card Services, Inc. et al. | 37-2014-00023795-CU-MC-NC |

NOTICE TO PARTIES: A copy of this document must be mailed or personally delivered to the other party or parties to this appeal.  A PARTY TO THE APPEAL MAY NOT PERFORM THE MAILING OR DELIVERY HIMSELF OR HERSELF.  A person who is at least 18 years old and is not a party to this appeal must complete the information below and mail (by first-class mail, postage prepaid) or personally deliver the front and back of this document.  When the front and back of this document have been completed and a copy mailed or personally delivered, the original may then be filed with the court.

## PROOF OF SERVICE

☑ Mail    ☐ Personal Service

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My residence or business address is *(specify):*

   445 Marine View Avenue, Suite 120, Del Mar, CA 92014

3. I mailed or personally delivered a copy of the *Notice of Appeal/Cross-Appeal (Unlimited Civil Case)* as follows *(complete either a or b):*

   a. ☑ **Mail.** I am a resident of or employed in the county where the mailing occurred.

      (1) I enclosed a copy in an envelope **and**

         (a) ☑ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

         (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:   CAPITAL ONE FINANCIAL CORPORATION/

         (a) Name of person served:   HSBC Card Services, Inc./HSBC Technology & Services (USA) Inc.

         (b) Address on envelope:

            Stroock & Stroock & Lavan LLP, attn: Shannon E. Dudic, Esq., 2029 Century Park East, Los Angeles, CA 90067-3086

         (c) Date of mailing:  11/17/2016

         (d) Place of mailing *(city and state):*  Solana Beach, CA

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:

      (1) Name of person served:

      (2) Address where delivered:


      (3) Date delivered:

      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  11/17/2016

Deborah L. Raymond
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

APP-002

| CASE NAME: | CASE NUMBER: |
|---|---|
| Rojas v. HSBC Card Services, Inc. et al. | 37-2014-00023795-CU-MC-NC |

NOTICE TO PARTIES: A copy of this document must be mailed or personally delivered to the other party or parties to this appeal. A PARTY TO THE APPEAL MAY NOT PERFORM THE MAILING OR DELIVERY HIMSELF OR HERSELF. A person who is at least 18 years old and is not a party to this appeal must complete the information below and mail (by first-class mail, postage prepaid) or personally deliver the front and back of this document. When the front and back of this document have been completed and a copy mailed or personally delivered, the original may then be filed with the court.

## PROOF OF SERVICE
[ ✓ ] Mail    [ ] Personal Service

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My residence or business address is *(specify):*

   445 Marine View Avenue, Suite 120, Del Mar, CA 92014

3. I mailed or personally delivered a copy of the *Notice of Appeal/Cross-Appeal (Unlimited Civil Case)* as follows *(complete either a or b):*

   a. [ ✓ ] **Mail.** I am a resident of or employed in the county where the mailing occurred.

   (1) I enclosed a copy in an envelope **and**

   (a) [ ✓ ] **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (b) [ ] **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   (2) The envelope was addressed and mailed as follows:
   (a) Name of person served:  Alejandra Rojas
   (b) Address on envelope:

   Burkhardt & Larson, attn: Philip Burkhardt, Esq., 6006 El Tordo, #200, PO Box 1369, Rancho Santa Fe, CA 92067

   (c) Date of mailing:  11/17/2016
   (d) Place of mailing *(city and state):*  Solana Beach, CA

   b. [ ] **Personal delivery.** I personally delivered a copy as follows:
   (1) Name of person served:
   (2) Address where delivered:



   (3) Date delivered:
   (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  11/17/2016

Deborah L. Raymond
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF DECLARANT)

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2016, a copy of the foregoing **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION BY DEFENDANTS HSBC CARD SERVICES INC. AND HSBC TECHNOLOGY & SERVICES (USA) INC. TO STAY ACTION** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

*/s/ Shannon E. Dudic*
Shannon E. Dudic

CERTIFICATE OF SERVICE
CASE NO.  5:16-CV-06674-BLF

LA 52029338