UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NICKLAUS LAL,

    Plaintiff,

    v.

CAPITAL ONE FINANCIAL CORPORATION, et al.,

    Defendants.

Case No. 16-cv-06674-BLF

**ORDER DENYING MOTION TO STAY**

[Re: ECF 13, 17]

Before the Court is Defendants' motion seeking a stay of this action until the California Court of Appeal reaches its decision in *Ron Kempton, et al. v. Capital One Financial Corporation*, No. 37-2014-00023795-CU-MC-NC (Cal. Super. Ct.) *sub nom. Dalia Rojas v. HSBC Card Services Inc., et al.*, No. D071442 (Cal. App. Ct. filed Nov. 18, 2016) (the "*Rojas* case"). Mot., ECF 13; Joinder to Mot.; ECF 17. Plaintiff Nicklaus Lal opposes the motion, claiming that Defendants did not satisfy their burden of showing that a stay is warranted. Opp'n., ECF 19. Pursuant to Civ. L.R. 7-1(b), the Court finds Defendants' motion to stay suitable for submission without oral argument and hereby VACATES the hearing scheduled for March 30, 2017. As set forth below, the Court finds that the Defendants' requested stay is not justified and hereby DENIES the motion.

**I. BACKGROUND**

Plaintiff alleges the following facts in his first amended complaint ("FAC"). Plaintiff is a California resident whose wife was employed by Defendants HSBC Card Services Inc. ("Card Services") and HSBC Technology & Services (USA) Inc. (collectively, "HSBC") at a facility in Salinas, California, from March 2009 to May 2012. First Am. Compl. ¶¶ 7, 28, ECF 22. As of

May 1, 2012, Defendant Capital One Financial Corporation ("Capital One") acquired certain assets of HSBC, including the Salinas facility. Plaintiff's wife ceased working for Card Services and thereafter was employed by Capital One from May 1, 2012 through October 2013. *Id.* ¶ 29.

Plaintiff alleges that during the relevant time period, he had "numerous personal telephone communications" with Defendants' employees, including his wife. *Id.* ¶¶ 31, 33. According to Plaintiff, Defendants intentionally recorded the conversations without his consent or knowledge. *Id.* ¶¶ 32-36.

Plaintiff filed a complaint in Monterey County Superior Court asserting that Defendants violated the California Invasion of Privacy Act. Compl., Ex. A to Notice of Removal, ECF 1; Cal. Penal Code §§ 632, 632.7. HSBC removed the case to this Court, to which Capital One consented. Notice of Removal. Defendants then filed motions to dismiss and a motion to stay the case. ECF 13, 15, 17, 18. Instead of opposing the motions to dismiss, Plaintiff filed a first amended complaint. Defendants' motion to stay remains pending, which the Court now addresses.

## II. LEGAL STANDARD

The parties dispute the correct legal standard to apply when determining whether to stay a proceeding. Defendants apply the three factors set forth in *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) and *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Mot. 4-5; Reply 2-5, ECF 23. However, Plaintiff argues that the standard set forth in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) and *Golden Gate Rest. Ass'n v. City & Cty. Of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008) should apply instead, requiring a determination of (1) a likelihood to succeed on the merits; (2) irreparable injury absent a stay; (3) substantial injury; and (4) public interest. Opp'n 1-2, ECF 19.

The Court agrees with Defendants that *Landis* sets forth the standard applicable here, where a party seeks to stay a district court proceeding pending the resolution of another action. 299 U.S. at 254-55; Reply 2. The *Hilton* standard, in contrast, applies where a party seeks to stay enforcement of a judgment or order pending an appeal of that same judgment or order in the same case. 481 U.S. at 776-79. Similarly, *Golden Gate* involved a stay of enforcement of a judgment

2

pending appeal of that same judgment in the same action. 512 F.3d at 1115.

Here, there is no judgment in this case to enforce so there can be no stay of an enforcement of judgment. Rather, Defendants are seeking a stay of proceedings pending resolution of a different case. Accordingly, the Court will evaluate the *Landis* factors set forth below. *E.g.*, *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, at *2 (N.D. Cal. June 22, 2015) (evaluating the *Landis* factors and staying action pending the Supreme Court's review of the Ninth Circuit's decision in *Spokeo*).

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254). This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.,* 593 F.2d 863-864 (9th Cir. 1979)).

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

**III.   DISCUSSION**

Defendants contend that a stay of the present case pending resolution of the *Rojas* case on

3

1  appeal will conserve judicial resources without prejudice to Plaintiff.  A denial of stay would
2  cause hardship to the parties when they have to expend time and resources litigating this case.
3  Plaintiff argues that Defendants have made insufficient showing to warrant a stay.  Before turning
4  to the merits of these arguments, the Court addresses HSBC's request for judicial notice.

### A. Judicial Notice

HSBC has requested judicial notice of six documents filed in the *Rojas* case, attached to the request as Exhibits A through F:  (A) HSBC's motion for summary judgment; (B) plaintiff Rojas' opposition to the summary judgment motion; (C) HSBC's reply in support of the motion for summary judgment; (D) order granting HSBC's motion for summary judgment; (E) excerpts of the certified reporter's transcript for the November 4, 2016 hearing; and (F) the notice of appeal.  RJN, ECF 14.

Judicial notice is appropriate with respect to all these exhibits because they are documents publicly filed with the San Diego County Superior Court.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record).  Plaintiff has neither opposed the request for judicial notice nor disputed the authenticity of the documents.  The request for judicial notice is GRANTED with respect to all the exhibits attached to HSBC's request.

### B. Possible Prejudice from Granting Stay

The Court turns to the first *Landis* factor: possible prejudice that could arise from granting the stay.  Defendants argue that a stay will not damage Plaintiff given that the allegations relate to calls made between 2009 and 2012, made over four to seven years ago.  Mot. 5.  According to Defendants, Plaintiff has not alleged any ongoing violations, confirming that a stay of causes of actions that are already stale would not incur any additional damages.  *Id.*; Reply 5.  Plaintiff contends that if a stay were to be granted, evidence could be lost or destroyed, witness memories could fade, and witnesses might become unavailable.  Opp'n 3-4.  Plaintiff further argues that a stay should not be instituted unless the appellate proceeding will be concluded within a reasonable time.  *Id.* at 4.

Given that Plaintiff's allegations were based on events that occurred more than four to

4

seven years ago, additional damage from granting a stay should be relatively small in comparison to damage from the pre-existing delay. However, the Court finds that with passing time, there remains a risk of lost and destroyed evidence, as well as fading witness memories. Moreover, oral argument for the state appellate case has not been scheduled so the parties will need to wait for the state court appellate decision for an indefinite amount of time. Although Defendants represent to the Court that the *Rojas* appellate briefing and oral argument will likely take place within this year, the timing remains unknown. Mot. 5. The Court is particularly concerned with the indefinite length of the stay. Accordingly, the Court finds that a stay pending the state appellate court decision could prejudice Plaintiff.

### C. Possible Hardship or Inequity from Denying Stay

The Court next considers the possible harm that could arise from going forward. *CMAX*, 300 F.2d at 268. Defendants argue that denial of the stay would force it to devote significant legal expenses to the present action, which may be rendered unnecessary by the appellate decision in the *Rojas* case. Mot. 6. Plaintiff contends that expending legal expenses is not an irreparable harm. Opp'n 3.

As a preliminary matter, the Court notes that there is no need to make a showing for irreparable harm. Rather, the correct standard weighs the "hardship or inequity which a party may suffer in being required to go forward." *CMAX*, 300 F.2d at 268. Regardless, a denial of stay would require both parties to expend significant resources to litigation. Recognizing the potential burden for both parties, the Court finds that the potential hardship from denying the stay weighs slightly in favor of granting it.

### A. Orderly Course of Justice

The Court now addresses the third, and last, of the *Landis* factors—whether a stay will complicate or simplify the issues before it. According to Defendants, the claims dismissed by the trial court in the *Rojas* case are identical to the claims asserted here. Mot. 1, 3. Defendants argue that because the order granting their summary judgment is on appeal and addressed the same issues in this case, the appellate decision will be important in defining and determining the issues presented here. *Id.* at 6. In opposition to this motion for stay, Plaintiff argues that the *Rojas* case

5

has no bearing on this action because Plaintiff is not a party to the *Rojas* case and the telephone conversations implicated in the *Rojas* case are not Plaintiff's telephone conversations. Opp'n 4.

The plaintiff in *Rojas* alleges that when her daughter and her friends, HSBC employees, called her using their work phones, her personal telephone communications with them were recorded without her consent. RJN, Ex. B 1, 3-4. In granting summary judgment to HSBC, the trial court found that the plaintiffs in the *Rojas* case had failed to establish a triable issue of material fact as to Defendants' intent to record the phone conversations in violation of the California Invasion of Privacy Act. *Id.*, Ex. D. Specifically, the court found no triable issue of material fact on whether Defendants recorded the phone calls "with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial certainty that his use of the equipment will result in the recordation of a confidential conversation," and on whether Defendants "intentionally recorded" a communication involving a cell phone or cordless phone. *Id.*

Based on the FAC and the exhibits discussed above, it is clear that the *Rojas* case and the present action share many similarities. However, it is less clear that an appellate decision from the *Rojas* case would affect this case. In interpreting state law, federal courts are not necessarily bound by intermediate appellate court decisions, unless "there is no convincing evidence that the state supreme court would decide differently." *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001). Moreover, given the Court's schedule, it is likely that this case will not be tried before the state appellate court reaches its decision. Accordingly, the Court finds that this third factor weighs only slightly in favor of granting a stay.

## IV. ORDER

In light of the above, the Court finds that Defendants fail to meet the burden of establishing the need for a stay. Given that the stay may last into the indefinite future, the Court finds that there is possible prejudice to Plaintiff in granting this stay. Although a stay might lessen the hardship on both parties and could potentially simplify issues in the case, these factors weigh only slightly in favor of granting the stay and do not outweigh the possible prejudice to Plaintiff. For the foregoing reasons, the Court DENIES Defendants' motion to stay until the California

Court of Appeal's decision in the *Rojas* case.

Dated: January 23, 2017

_____
BETH LABSON FREEMAN
United States District Judge