**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NICKLAUS LAL,<br><br>        Plaintiff,<br><br>    v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, et al.,<br><br>        Defendants. | Case No. 16-cv-06674-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**<br><br>[Re: ECF 27, 28] |

Plaintiff Nicklaus Lal ("Lal") brings this suit against Defendants, the former employers of his wife, for allegedly recording personal phone calls between him and his wife on the company phone. Before the Court are Defendants' motions to dismiss Lal's First Amended Complaint ("FAC"). HSBC Mot., ECF 28; Cap Mot., ECF 27. After reviewing the parties briefing and holding a hearing on April 6, 2017, the Court hereby rules on the motions as follows.

## I. BACKGROUND

Lal alleges the following facts in his first amended complaint ("FAC"). Plaintiff is a California resident whose wife was employed by Defendants HSBC Card Services Inc. ("Card Services") and HSBC Technology & Services (USA) Inc. (collectively, "HSBC") at a facility in Salinas, California, from March 2009 to May 2012. First Am. Compl. ¶¶ 7, 28, ECF 22. As of May 1, 2012, Defendant Capital One Financial Corporation ("Capital One") acquired certain assets of HSBC, including the Salinas facility. Lal's wife ceased working for Card Services and thereafter was employed by Capital One from May 1, 2012 through October 2013. *Id.* ¶ 29.

During the relevant time period, Lal had "numerous personal telephone communications" with Defendants' employees, including his wife. *Id.* ¶¶ 31, 33. According to Lal, Defendants intentionally recorded, intercepted, or received the conversations without his consent or

knowledge. *Id.* ¶¶ 28-39. Defendants also required their employees to keep their "policies, procedures, and internal activities confidential and prohibited employees from disclosing such information." *Id.* ¶ 28. Lal alleges that at the time he had no reason to believe that his personal telephone calls were being recorded. *Id.* ¶ 17, 19.

On August 28, 2015, a plaintiff filed a case in San Diego Superior Court, alleging similar claims and the same causes of actions against Defendants as those here. *Id.* ¶ 13 (citing *Ron Kempton, et al. v. Capital One Financial Corporation*, No. 37-2014-00023795-CU-MC-NC (Cal. Super. Ct.) *sub nom. Dalia Rojas v. HSBC Card Services Inc., et al.*, No. D071442 (Cal. App. Ct. filed Nov. 18, 2016) (the "*Rojas* case")). On September 28, 2015, HSBC agreed to withdraw the confidential designation for the recordings produced in the *Rojas* case. FAC ¶ 14. Thereafter, only after the confidential designation was withdrawn and after Lal's wife was contacted as a potential witness in the *Rojas* case did Lal learn about the recording of his conversations by HSBC. *Id.* ¶¶ 15-16.

Lal further alleges that his claims were tolled during the pendency of two class actions because he was a member of the proposed classes. *Id.* ¶ 21. On June 4, 2012, plaintiff representatives Terry J. Fanning and Tatiana Jabbar filed a class action complaint against HSBC for violation of the California Invasion of Privacy Act ("CIPA"). FAC ¶ 22; *Fanning v. HSBC Card Servs. Inc.*, No. 12-00885-JVS-RNB (C.D. Cal. June 4, 2012) (the "*Fanning* case"). On July 29, 2014, Gail Medeiros, along with other plaintiffs, filed a class action lawsuit against HSBC and its successor, Capital One, also asserting CIPA violations, in the Southern District of California but that case was later transferred to the Central District as a case related to the *Fanning* case. FAC ¶¶ 23-25. *Medeiros v. HSBC Card Servs. Inc., et al.*, Case No. 15-9093-JVS-AFM (C.D. Cal. Nov. 21, 2014) (the "*Medeiros* case"). A motion for preliminary approval of class action settlement was filed in both of these cases on August 26, 2016. FAC ¶ 26.

On September 26, 2016, Lal filed a complaint in Monterey County Superior Court asserting that Defendants violated the CIPA. Compl., Ex. A to Notice of Removal, ECF 1; Cal. Penal Code §§ 632, 632.7. Pursuant to the CIPA, Lal asserts a first cause of action based on California Penal Code § 632, and a second cause of action based on Penal Code § 632.7. Compl.;

1  FAC ¶¶ 41-51.  Lal further requests damages in the amount $5,000.00 per violation or three times
2  the amount of actual damages sustained, and preliminary and permanent injunction to restrain
3  Defendants from violating CIPA.  *Id.* ¶¶ 45, 46, 50, 51.  HSBC removed the case to this Court, to
4  which Capital One consented.  Notice of Removal.  Defendants then filed motions to dismiss the
5  case.  ECF 13, 15, 17, 18.  Instead of opposing the motions to dismiss, Plaintiff filed a first
6  amended complaint, which Defendants now move to dismiss.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Where the damages sought are not recoverable as a matter of law, the damages claim may be removed from the complaint pursuant to Rule 12(b)(6).  *Johnson v. Napa Valley Wine Train, Inc.*, No. 15-04515-TEH, 2016 WL 493229, at *13 (N.D. Cal. Feb. 9, 2016) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-95 (9th Cir. 2010)).

## III. DISCUSSION

Before turning to the merits of the parties' arguments, the Court addresses their requests for judicial notice.

### A. Judicial Notice

In support of its motion to dismiss, HSBC has requested judicial notice of eight documents, attached to the request as Exhibits A through H: (A) *Fanning v. HSBC Card Servs. Inc., et al.*, No. 12-00885-JVS-RNB (C.D. Cal. June 4, 2012), ECF No. 1 (the "Fanning Complaint"); (B) the First Amended Complaint filed in the *Medeiros* case (the "Medeiros FAC"); (C) Order Granting Joint Motion To Consolidate the *Fanning* case and *Lindgren* with the *Medeiros* case, filed in Medeiros, ECF No. 83 (the "Consolidation Order"), pursuant to which the Fanning and Medeiros actions were consolidated for settlement purposes; (D) Order Conditionally Certifying A Settlement Class for Settlement in the *Medeiros* case, the *Fanning* case, and *Lindgren v. HSBC Card Servs. Inc.*, et al., filed in *Fanning* case, ECF No. 364 (the "Preliminary Approval Order"); (E) Order granting HSBC's motion for summary judgment in the *Rojas* case (the "*Rojas* MSJ Order"); (F) excerpts of the certified reporter's transcript for the November 4, 2016 hearing in the *Rojas* case; (G) Order in *Yevgeniya Grania v. Eddie Bauer, LLC*, No. BC569111, slip. op. (Cal. Super. Ct. L.A. Cty. Dec. 2, 2015); (H) Order in *Furman v. Station Casinos LLC*, No. 56-2013-00446134-CU-BT-VTA (Cal. Super. Ct. Ventura Cty. Mar. 11, 2014). HSBC RJN, ECF 29.

Judicial notice is appropriate with respect to Exhibits A to H because they are documents publicly filed with either state or federal courts. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record). Plaintiff objects to the exhibits attached to this request only to the extent that the facts and statements recited in the exhibits are taken as true or accurate. ECF 40. However, the Court does not take judicial notice of the legal reasoning or disputed facts contained therein, but rather the existence of such allegations and arguments. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (permitting a court to take judicial notice of another court's opinion, but not the truth of the facts recited therein). As such, it would not be improper to judicially notice the exhibits that are public filings in other courts.

Lal has also submitted two exhibits in support of his sur-replies. ECF 53, 54. Although Lal does not formally request judicial notice of these two exhibits, the Court construes the

submission as such a request. ECF 53, 54.  The two exhibits are (A) Confidential Communications: Disclosure, Hearing Before the Senate Committee on Public Safety, A.B. 1671, 2015-2016 Reg. Sess. (Cal. June 28, 2016) (Hearing Notes, Sen. Loni Hancock, Chair) (the "June 28 Hearing Notes"); and (B) Confidential Communications: Disclosure, Hearing Before the Senate Committee On Appropriations, A.B. 1671, 2015-2016 Reg. Sess. (Cal. August 8, 2016) (Hearing Notes, Sen. Ricardo Lara, Chair) (the "August 8 Hearing Notes").  Exs. A and B to Raymond Decl., ECF 53-1, 54-1.

HSBC objects to these two exhibits submitted by Lal on the grounds that they are irrelevant, and lack foundation and personal knowledge.  HSBC Obj., ECF 56.  Specifically, HSBC points out that the relevant issue here is how the 2017 amendment affects the interpretation of the CIPA statute.  *Id.* at 1.  HSBC argues that the Senate Committee's hearing notes are not relevant because they pre-date the proposed amendment which was introduced on August 30, 2016.  *Id.* at 2.  HSBC further argues that the hearing notes discuss criminal penalties related to violation of Penal Code § 632, and do not discuss the civil statutory damages relevant to this case. *Id.* at 3.  Finally, HSBC argues that there is an inadequate showing that Ms. Raymond has personal knowledge regarding the legislative history attached as exhibits to her declaration and how the exhibits were located.  *Id.*  Without foundation and personal knowledge, HSBC requests that the exhibits be stricken.  *Id.*

First, even though these Senate hearing notes pre-date the introduction of the amendment, they can still provide the Senate's perspective on the statute's meaning prior to the amendment and the potential purpose of the amendment.  Second, such records of "[l]egislative history is properly a subject of judicial notice." *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); *see also Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1241 (N.D. Cal. 2014).  As such, the Court grants the request for judicial notice of these exhibits.  The Court agrees with HSBC that these documents have limited relevance to the later amendment here at issue, and thus the Court will give these documents the weight they deserve.

In support of HSBC's objections to Lal's sur-reply, HSBC also requests judicial notice of nine documents, attached as exhibits A to I: (A) A.B. 1671, 2015-2016 Reg. Sess. (Cal. Jan. 15,

5

2016) (as introduced by Assembly Member Gomez); (B) A.B. 1671, 2015-2016 Reg. Sess. (Cal. Mar. 17, 2016) (as amended in Assembly); (C) A.B. 1671, 2015-2016 Reg. Sess. (Cal. Apr. 12, 2016) (as amended in Assembly); (D) A.B. 1671, 2015-2016 Reg. Sess. (Cal. Apr. 25, 2016) (as amended in Assembly); (E) A.B. 1671, 2015-2016 Reg. Sess. (Cal. May 18, 2016) (as amended in Assembly); (F) A.B. 1671, 2015-2016 Reg. Sess. (Cal. Aug. 2, 2016) (as amended in Senate); (G) A.B. 1671, 2015-2016 Reg. Sess. (Cal. Aug. 16, 2016) (as amended in Senate); (H) A.B. 1671, 2015-2016 Reg. Sess. (Cal. Aug. 30, 2016) (as amended in Senate); (I) A.B. 1671, 2015-2016 Reg. Sess. (Cal. 2016) (as enacted).

Just like the California Senate Committee hearing notes provided by Lal in support of his sur-reply, these exhibits contain legislative history, which is judicially noticeable. *Anderson*, 673 F.3d at 1094 n.1. The parties do not dispute the authenticity of these exhibits. As such, the request for judicial notice is GRANTED with respect to the exhibits attached to HSBC's objections to Lal's sur-reply.

**B.  Statutory Damages**

Generally, HSBC and Capital One seek dismissal on the following grounds: 1) the action is barred by the one-year statute of limitations and Lal has failed to allege facts to support delayed discovery or tolling; 2) Lal has failed to state a claim for violations of Penal Code §§ 632 or 632.7; and 3) Lal's request for statutory damages "per violation" under § 637.2 is improper and, instead, limited to $5,000 per action. The Court will assess Defendants' motions to dismiss Lal's request for statutory damages before addressing the other issues because the damages amount bears on this Court's subject matter jurisdiction. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (holding that a "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)").

In the FAC, Lal requests statutory damages of $5,000 "per violation" under § 637.2, the section governing damages for CIPA civil suits. FAC ¶¶ 45, 50. Defendants move to dismiss or strike Lal's claims for statutory damages because the statutory damages are "per action" and not "per violation." HSBC Mot. 20; Cap Mot. 15-16. According to Defendants, the January 2017

amendment to § 637.2 adding "per violation" demonstrates that the legislature intended the prior statute to limit statutory damage to $5,000 per action. HSBC Reply 10-11; Cap Reply 11-12. In opposition, Lal contends that ample case law supports an award of damages on a "per violation" basis and the authorities relied upon by Defendants are inapposite to the present case. Opp'n 19-20[1] (citing *Ades v. Omni Hotels Mgmt. Corp.*, 46 F. Supp. 3d 999, 1018 (C.D. Cal. 2014); *Lieberman v. KCOP Television, Inc.*, 110 Cal. App. 4th 156, 167 (2003)). Lal further argues that the January 2017 amendment does not change his proffered interpretation as the amendment only sought to clarify the statute's meaning. Sur-Reply 1-2, ECF 53.

Pursuant to the amendment effective January 1, 2017, California Penal Code § 637.2(a) provides:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>
> 1) Five thousand dollars ($5,000) per violation.
>
> 2) Three times the amount of actual damages, if any, sustained by the plaintiff.

Cal. Penal Code § 637.2(a).

Prior to the amendment, California Penal Code § 637.2(a) provided:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>
> 1) Five thousand dollars ($5,000).
>
> 2) Three times the amount of actual damages, if any, sustained by the plaintiff.

Cal. Penal Code § 637.2(a) (2016) (amended January 1, 2017).

In interpreting a state statute, a federal court must follow the state's rules of statutory interpretation in order to determine the meaning the state's highest court would give to the law. *Bass v. Cty. of Butte*, 458 F.3d 978, 981-82 (9th Cir. 2006) (citations omitted). "As in any case involving statutory interpretation, our fundamental task is to determine the Legislature's intent so

---

[1] As Lal's opposition and sur-reply to HSBC's papers are almost identical to those to Capital One's, references to Lal's argument apply equally to both Defendants and the Court's citations to Lal's opposition or sur-reply would reference Lal's papers to HSBC's, unless otherwise noted.

7

as to effectuate the law's purpose." *Id.* A court begins by first "examining the statute's words, giving them a plain and commonsense meaning" and "construing them in context." *Id.*; *Martinez v. Combs*, 49 Cal. 4th 35, 51 (2010). "If the words themselves are not ambiguous, [courts] presume the Legislature meant what it said, and the statute's plain meaning governs." *Martinez*, 49 Cal.4th at 51. However, where the language is ambiguous, the court may "turn to extrinsic aids to assist in interpretation," including legislative history, public policy, contemporaneous construction by administrative agencies, and the overall statutory scheme, as well as maxims of statutory construction. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103, 1105 (2007); *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1190 (2006).

Here, the parties agree that the version of the statute prior to the 2017 amendment governs this case but disagree whether the 2017 amendment clarifies or changes the law. Sur-Reply 2. "While an intention to change the law is usually inferred from a material change in the language of the statute, a consideration of the surrounding circumstances may indicate, on the other hand, that the amendment was merely the result of a legislative attempt to clarify the true meaning of the statute." *Martin v. Cal. Mut. Bldg. & Loan Ass'n*, 18 Cal. 2d 478, 484 (1941) (citations omitted). Where "a statute merely clarifies, rather than changes existing law," it does not operate retrospectively even if applied to transactions predating its enactment. *W. Sec. Bank v. Superior Court*, 15 Cal. 4th 232, 243 (1997). Before determining retroactivity, the Court will now analyze the statute as it existed prior to the effective date of the amendment to determine its meaning and whether the amendment changed the existing law. *See Satyadi*, 232 Cal. App. 4th at 1029.

### i. Language of the Statute

A "plain and commonsense" reading of the statute is that a plaintiff "may bring an action against a person who committed the [CIPA] violation for the greater" of $5,000 or "[t]hree times the amount of actual damages if any, sustained by the plaintiff." Cal. Penal Code § 637.2(a). Nowhere in the statute does it recite "per violation" to modify the statutory damages of up to $5,000. *See People v. One 1940 Chrysler Convertible Coupe*, 48 Cal. App. 2d 546, 549 (1941) (holding that "[t]he ordinary rules of grammar should be followed if by applying them such interpretation does not lead to an absurdity"). This Court would "presume the Legislature

8

intended everything in a statutory scheme, and [would] not read statutes to . . . include omitted language." *Jurcoane v. Superior Court*, 93 Cal. App. 4th 886, 894 (2001). In *In re Sandoval*, the court's determination on a parallel penal code provision, § 593d, is instructive here. 341 B.R. 282, 292 (Bankr. C.D. Cal. 2006). The claimant cable company claimed statutory damages for each of the debtor's alleged violations of the anti-piracy and anti-signal theft statute. *Id.* California Penal Code § 593d(f) sets forth: "Any person who violates this section shall be liable in a civil action to the multichannel video or information services provider for the greater of the following amounts:" (1) $5,000 or "[t]hree times the amount of actual damages if any, sustained by the plaintiff." Cal. Penal Code § 593d(f). The court disagreed with the claimant and held that "§ 593d(f) does not provide for $5,000 in statutory damages for each violation. It only provides a single $5,000 liability for "[a]ny person who violates this section." *In re Sandoval*, 341 B.R. at 287. Given the similarity of the language between §§ 593d(f) and 637.2(a), *In re Sandoval*'s holding is consistent with this Court's determination not to read "per violation" into § 637.2(a). *See also Nevarrez v. San Marino Skilled Nursing & Wellness Ctr.*, 221 Cal. App. 4th 102, 130 (2013) (declining to "read the phrase 'per violation' into [California Health & Safety Code] § 1430, subdivision (b)" because courts "are not permitted to insert qualifying provisions not included in the statute, nor edit it to conform to an assumed intention which does not appear from its language") (internal quotation marks omitted).

### ii. Case Law on California Penal Code § 637.2

The state of the law prior to the Legislature's amendment of California Penal Code § 637.2 does not persuade this Court otherwise. The California Supreme Court in *Ribas v. Clark* considered this statute in a case that concerned only one instance of CIPA violation, where the defendant eavesdropped on a telephone conversation between the plaintiff and the plaintiff's wife, who were undergoing an acrimonious divorce proceeding. 38 Cal. 3d 355, 358 (1985). Among various reasons in support of a reversal of the lower court's dismissal on a demurrer, the court held that actual injury need not be proven because the statute authorized civil statutory awards. *Id.* The court then stated without further analysis that the statute authorized "civil awards of $3,000 for each violation of the Privacy Act despite a party's inability to prove actual injury." *Id.*

9

United States District Court
Northern District of California

In *Lieberman v. KCOP Television, Inc.*, the court also considered the statute in response to the defendant's argument that a plaintiff may not recover damage without showing actual injuries caused by the violation. 110 Cal. App. 4th 156, 166 (2003). In reaching its conclusion that actual injuries were not necessary, the *Lieberman* court stated that a plaintiff may recover up to $5000 in statutory damages "for each incident," citing to *Ribas v. Clark*. *Id.* at 167 (citing 38 Cal. 3d at 358). *See also Ades v. Omni Hotels Mgmt. Corp.*, 46 F. Supp. 3d 999, 1018 (C.D. Cal. 2014) (in response to the defendant's argument that the plaintiffs could not demonstrate that they suffered an injury to sustain a CIPA action, holding that the statutory damages were "for each violation of CIPA") (citing *Lieberman*, 110 Cal. App. 4th at 167); *CashCall, Inc. v. Superior Court*, 159 Cal. App. 4th 273, 293 n.11 (2008) (on a motion for precertification discovery, stating in a footnote without citation that the statute provides for damages of not less than $5,000 per violation).[2]

Although Lal proffered the above-cited cases as interpreting § 637.2 to permit statutory damages of up to $5000 per violation, these cases were in fact silent on the matter. The cases analyzed whether a plaintiff would need to allege or prove actual injuries caused by the CIPA violation and did not analyze the statute for the purpose of determining whether the statutory damages should be assessed per violation versus per action. These cases thus are "not authority for propositions neither considered nor discussed in the opinion. *Hager v. Cty. of Los Angeles*, 228 Cal. App. 4th 1538, 1551 (2014) (citing *In re Muszalski*, 52 Cal. App. 3d 500, 504 (1975)); *see also Satyadi v. W. Contra Costa Healthcare Dist.*, 232 Cal. App. 4th 1022, 1030-31 (2014) (in determining whether a statutory amendment changed the exhaustion requirement, considering the holdings in *Lloyd* but not those in *Campbell* because *Lloyd* "squarely confronted the argument" presented).

### iii. Legislative History

Given that the statute is not ambiguous, this Court need not resort to legislative history as

---

[2] Lal also cites *Flanagan v. Flanagan* but this opinion has been depublished and is not citable. 77 Cal. App. 4th 122, 91 Cal. Rptr. 2d 422, 429 (1999), *review granted, superseded, and rev'd*, 27 Cal. 4th 766 (2002). Before California Rules of Court 8.1105(e) was amended on July 1, 2016, "[a]n opinion [was] no longer considered published if the Supreme Court grants review and may not be relied on or cited." *People v. Kennedy*, 209 Cal. App. 4th 385, 400 (2012) (citing Cal. R. Ct. 8.1105).

10

an extrinsic aid. *See Murphy*, 40 Cal. 4th at 1103 (noting that "[o]nly when the statute's language is ambiguous or susceptible of more than one reasonable interpretation, may the court turn to extrinsic aids to assist in interpretation). Nonetheless, the legislative history surrounding the January 1, 2017 amendment further supports the conclusions that § 637.2 did not provide statutory damages "per violation" prior to the 2017 amendment; and that the amendment in fact changed the law, and did not merely clarify it, as argued by Lal.[3]

As a preliminary matter, the January 1, 2017 amendment inserting "per violation" is consistent with this Court's conclusion that prior to the amendment, the statute did not permit recovery of damages "per violation." "Where the Legislature makes express statutory distinctions, [this Court] must presume it did so deliberately, giving effect to the distinctions, unless the whole scheme reveals the distinction is unintended." *Jurcoane*, 93 Cal. App. 4th at 894. Further, the Legislative Counsel's Digest relevant to this amendment specifies that the bill was to amend § 637.2 and explicitly states that "this bill would provide that the monetary damages be imposed per violation" in the context of a civil suit. Ex. H to HSBC's RJN ISO Objections, Legislative Counsel's Digest for Assem. B. No. 1671 (2016-16 Reg. Sess.) (amended Aug. 30, 2016), ECF 57-1; *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1170 (2008) (noting that "[a]lthough the Legislative Counsel's summaries are not binding they are entitled to great weight"). Since this legislative history shows that the legislators intended to amend the code section to impose monetary damages per violation, the amendment actually changed § 637.2 and did not merely clarify it.

The legislative history submitted by Lal from the California Senate Committee on Public Safety does not demonstrate otherwise. First, the Committee's notes pre-date the amendment in question and thus cannot be interpreted as giving meaning to a non-existent proposal. Second, the notes from the Senate Committee on Public Safety state that the purpose of the bill was to "make it a wobbler to intentionally distribute or aid and abet the distribution of, a confidential

---

[3] The Court has reviewed the Summary Digest of chapter 1509 of the statutes of 1967, the enacting legislation, which states only that the bill "provides for enforcement by civil actions for injunctions or damages . . . ." Legislative Counsel's Digest for Assem. B. No. 860 (1967 Reg. Sess.) 2 Stats. 1967, Summary Dig., p. 5219.

11

communication with a health care provider that was obtained unlawfully." Ex. A to Raymond Decl. 2, 5, ECF 53-1. It goes on to state this "bill clarifies the prohibition on recording a confidential communication applies to each violation." *See also* Ex. B to Raymond Decl. 1-2, ECF 53-1. The notes are entirely in the context of criminal penalties and make no reference to the statutory damages in civil suits, and rightly so, as the notes are clear in stating that the purpose was to make the crime an alternate felony-misdemeanor offense. *Id.* Accordingly, these legislative notes proffered by Lal are not squarely on point and do not change this Court's conclusion.

Having determined that the January 2017 amendment changed the law and did not merely clarify it, the Court now turns to the issue of retroactivity. On the issue of retroactivity, the parties do not dispute that the version of the statute prior to the amendment governs this case, and the general proposition that "a new statute is presumed to operate prospectively absent an express declaration of retrospectivity or a clear indication that the electorate, or the Legislature, intended otherwise," *Tapia v. Superior Court*, 53 Cal. 3d 282, 287 (1991); HSBC Reply 11; Sur-Reply 2 (citing *Satyadi*, 232 Cal. App. 4th at 1028) (noting the "well-established presumption that statutes apply prospectively in the absence of a clearly expressed contrary intent") (citation omitted)). If the amendment does not operate retroactively, the addition of "per violation" would not apply to the present case. Accordingly, the Court GRANTS IN PART Defendants' motion to dismiss the claims for statutory damages per violation.

### C. Tolling of the Statute of Limitations

The Court now turns to Defendants' others grounds for dismissing Lal's claims. First, Defendants argue that the CIPA claims are untimely because the allegations are insufficient and without specificity to show that the statute of limitations period should be tolled. "In California, the discovery rule postpones accrual of a claim until 'the plaintiff discovers, or has reason to discover, the cause of action.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999)). To satisfy the pleading requirement on discovery rule, Lal must specifically plead facts showing "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."

12

*Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005); *id.* at 815 (holding that "[a] plaintiff seeking to utilize the discovery rule must plead facts to show his or her inability to have discovered the necessary information earlier despite reasonable diligence").

Here, the FAC sufficiently alleges facts demonstrating that Lal's claims did not accrue until September 2015. FAC ¶¶ 14-16. Lal's wife was employed by Card Services from March 23, 2009 to about May 1, 2012, and by Capital One from about May 1, 2012 through October 2013. *Id.* ¶¶ 28-29. Lal did not file his suit until September 26, 2016. However, HSBC did not remove the confidential designation from the transcripts of recording in the *Rojas* case until September 2015, and his wife was only contacted as a potential witness thereafter. *Id.* ¶¶ 14-16. Lal then learned about the recording and his wife being contacted as a potential witness in or around October 2015. *Id.* ¶¶ 16-17. Prior to October 2015, Lal had no reason to believe that his personal telephone calls were recorded, received, or intercepted by Defendants. *Id.* ¶ 17. Defendants fault Lal for not alleging reasons why he could not have discovered the alleged CIPA violation from his wife earlier than October 2015, who had been Defendants' employee and would have been privy to Defendants' recording practices. However, the Court finds that the FAC has plausibly alleged that Lal had no reason to suspect that his phone conversations were recorded and would not be subject to an inquiry notice to question his wife in regards to Defendants' recording practices. Accordingly, the Court DENIES the motions to dismiss on the ground that the claims are untimely.

### D. Sufficiency of the Allegations for Count I for Violation of California Penal Code § 632

Defendants further contend that the FAC is devoid of any facts regarding their purported intent to record Lal's personal conversations because merely installing a recording device on company phones does not meet the "intentional" requirement of Cal. Pen. Code § 632. HSBC Mot. 14-15; Cap Mot. 12-13. Defendants argue that the California Supreme Court's ruling in *People v. Superior Court of Los Angeles Cty.* ("*Smith*") controls. 70 Cal. 2d 123, 133 (1969). Defendants submit that under *Smith*, Lal must allege facts showing that Defendants intended to record his personal conversations. Defendants further rely on a California Superior Court ruling in

13

the *Rojas* case. Exs E and F to HSBC's RJN. Lal counters that he has alleged sufficient facts to support his claim.

The defendant in *Smith* moved to suppress evidence in a criminal action brought against him because the evidence was obtained in violation of CIPA. 70 Cal. 2d at 125. The defendant hired a private investigator "to install a recording system which was voice activated and which tape recorded all conversations, including telephone conversations, in all of defendant's offices" to try to "expose the source of substantial annual losses to his companies caused by an internal 'leak.'" *Id.* at 126. The private investigator installed the recording system, and left it in "automatic mode" to test its performance, which later automatically recorded conversations between the defendant and other individuals. *Id.* These taped recordings were subsequently delivered to a law enforcement officer and used "to refresh the memories" of the persons who participated in the conversations with the defendant. *Id.* at 126-27. Finding no violation of CIPA, the court reasoned that intention to start the equipment without more did not satisfy the requirement of intent under the statute. *Id.* at 132. The court also noted that the "statute does not isolate the actor's intent from the object to which it is directed, namely the confidential communication; the two are inextricably bound together." *Id.* at 133. As such, the *Smith* case appears to support the proposition that the "intentional" element could not be met by merely placing a recording device without a specific intention to record or intercept a conversation of a target person. However, even if this Court were to wholly accept this interpretation of "intentional," proffered by Defendants, the Court is satisfied that Plaintiff has alleged sufficient facts to state his claim. As such, the Court DENIES Defendants' motion to dismiss Count I.

**E. Sufficiency of the Allegations for Count II for Violation of California Penal Code § 632.7**

California Penal Code § 632.7 makes unlawful conduct by any person who, without consent, "intercepts or receives and intentionally records" personal communications transmitted between telephones. Defendants reiterate the same argument as those set forth for Count I that the FAC fails to allege that they "intentionally" recorded Lal's personal conversation. HSBC Mot. 15; Cap Mot. 13. Defendants also contend that the statute only prohibits interception or reception

by a third party and they are not considered such third parties since Lal voluntarily called or received calls from Defendants' phones. HSBC Mot. 17-19; Cap Mot. 14.

As to Defendants' argument on the requirement that the interception or reception of communication be "intentional," the Court DENIES their motions to dismiss for the same reasons as set forth in the discussion on Count I above.

With respect to Defendants' argument that the recording or the interception occurred on their phone lines and that they are not considered third-parties under the statute, the Court finds that the statute could still apply to them. In *Simpson v. Best W. Int'l, Inc.*, the court was confronted with this exact same issue and held that § 632.7 applies to parties to the communications as well as third parties. No. 12-04672-JCS, 2012 WL 5499928, at *8 (N.D. Cal. Nov. 13, 2012). The plaintiff in *Simpson* called Best Western's reservation center to make hotel reservations, and her calls were allegedly recorded without her knowledge or consent. *Id.* at *3. The defendant argued on a motion to dismiss that the claim fails because it was a party to the alleged communications. *Id.* at *6. After examining the case law and the legislative history, the court concluded that the law prohibits any party, not just third parties, to a confidential communication from recording that communication without knowledge or consent of the other party. *Id.* at *7-8. *Young v. Hilton Worldwide, Inc.*, cited by Defendants, does not change *Simpson*'s analysis as the *Young* court was only concerned with a § 632 claim, and not § 632.7. No. 12-01788, 2014 WL 3434117, at *2 (C.D. Cal. July 11, 2014) (holding that "to any extent that Hilton received such calls, it had the consent from the caller"). *Simpson* is thus more persuasive to the Court with respect to § 632.7. The Court is satisfied that Lal has adequately pled this claim. Defendants' motions to dismiss Count II are DENIED.

**F.  Jurisdiction**

This Court may assert subject matter jurisdiction over a case when the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332. There is a strong presumption against the exercise of removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If it is unclear from the complaint what amount of damages plaintiff seeks, "the defendant bears the burden of actually proving the facts to support

15

jurisdiction, including the jurisdictional amount." *Id.* The Court may raise the issue of subject matter jurisdiction sua sponte. *Galt G/S v. Hapag–Lloyd AG*, 60 F.3d 1370, 1373 (9th Cir. 1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

As the removing parties invoking the Court's diversity jurisdiction, Defendants bear the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In its notice of removal, Defendants solely referenced the allegations directed to statutory damages in support of the amount in controversy. Notice of Removal, ECF 1. Now that the Court has dismissed Lal's statutory damages claim alleged on a "per violation" basis, the statutory damages can no longer meet the jurisdictional amount.

Lal also seeks "three times the amount of actual damages" but only conclusorily pleads "loss of privacy, loss of security, shock, upset, fear, anger, sadness, and other forms of emotional distress" in support of actual damages. FAC ¶¶ 39, 45, 50. Lal in opposition also proffers no additional facts in support of the claim for actual damages. The vagueness of actual damages sought in Lal's FAC is not sufficient to carry the burden of proof to satisfy the jurisdictional amount. *Sanchez*, 102 F.3d at 404 (holding that "the relevant standard in the Ninth Circuit is whether given the absence of specifics and the record, is it more likely than not that the amount in controversy exceeds $75,000"). Thus, it is not "facially apparent" from the notice of removal, the FAC, and even Lal's opposition papers, that the jurisdictional amount could be satisfied. *Singer v. State Farm Mut. Auto., Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

**G. Leave to Amend**

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence*

*Capital*, 316 F.3d at 1052.

Here, having granted Defendants' motions to dismiss Lal's requests for statutory damages on a "per violation" basis, the case now lacks sufficient pleading to support a claim meeting the required monetary amount in controversy to invoke this Court's jurisdiction. Accordingly, the Court grants leave to amend Lal's allegations directed to actual damages so to show that at least $75,000 is in controversy. Because this Court has denied Defendants' motions to dismiss on the remainder of the grounds submitted, there is no leave to amend any other part of the complaint.

## IV. ORDER

For the foregoing reasons, the Court GRANTS IN PART Defendants' motions to dismiss claims of statutory damages on a "per violation" basis with leave to amend only allegations directed to actual damages;

The Court DENIES IN PART Defendants' motions to dismiss Counts I and II based on the statute of limitations and a failure to state a claim.

If desired, Lal shall file an amended complaint by May 3, 2017. Failure to meet the deadline to file an amended complaint would result in the remand of this case without further notice.

**IT IS SO ORDERED.**

Dated: April 12, 2017

_____
BETH LABSON FREEMAN
United States District Judge